DOROTHY O'CONNOR, Appellant, v. WILLIAM J. O'CONNOR, JR., Respondent.— In an action by a wife against her husband to annul their marriage by reason of his premarital fraudulent concealment of a mental illness with which he was afflicted prior to the marriage, plaintiff appeals: (1) from so much of an order of the Supreme Court, Kings County, dated June 1, 1960, as grants defendant's motion (to vacate plaintiff's notice to examine him before trial) to the extent of striking out certain items specified in said notice, and as denies, without prejudice to renewal upon the trial, the plaintiff's cross motion to compel defendant to pay her $750 for her counsel fee and disbursements in the prosecution of the action; and (2) from so much of an order of the same court, dated June 23, 1960, resettling the prior order, as makes the same disposition of the respective motions. Appeal from the original order, dated June 1, 1960, dismissed, without costs, as academic. It has been superseded by the resettled order. Resettled order, dated June 23, 1960, modified: (a) by striking out from its first and second decretal paragraphs the provisions striking out from plaintiff's notice of examination Item 1, Item 2, Item 3, a portion of Item 4, Item 5, Item 6, Item 7 and a portion of Item 8; and (b) by denying *in toto* defendant's motion to vacate plaintiff's notice of examination; and, as so modified, order insofar as appealed from, affirmed, with $10 costs and disbursements to plaintiff, unless, within 20 days after the entry of the order hereon, the attorneys for the respective parties, pursuant to section 354 of the Civil Practice Act, shall sign and file a written stipulation waiving, for the purposes of this action, defendant's statutory privilege under section 352 of the Civil Practice Act with respect to the testimony as a witness of every doctor who treated or attended him prior to the commencement of this action. In the event such stipulation be filed within the time prescribed, the resettled order, insofar as appealed from, is affirmed, without modification and without costs. Examinations before trial are allowed in actions for annulment based on concealment of mental or physical conditions (*Wolin* v. *Wolin*, 266 App. Div. 742, appeal dismissed 290 N. Y. 923; *Cook* v. *Cook*, 8 A D 2d 964). However, the defendant here.may obviate the examination if he authorizes his attorney to sign the stipulation, pursuant to section 354 of the Civil Practice Act, to waive defendant's statutory privilege as to the testimony of his doctors (cf. *Geis* v. *Geis*, 116 App. Div. 362; *Yelin* v. *Yelin*, 142 Misc. 533). With respect to the examination before trial of the defendant upon the portion of Item 4 and upon the portion of Item 8 as to which no appeal has been taken, such examination shall proceed on a date to be fixed by plaintiff in a notice served at least 20 days prior thereto or on

any other date mutually fixed by the parties. In the event the stipulation waiving the statutory privilege be not filed, the examination shall proceed at the same time with respect to all the items specified in the notice of examination. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.