■ EDSTRAND BROTHERS, INC., Respondent, v. HAGEDORN & COMPANY, Appellant.— The court passes on the issue tendered by the parties, limited as it was to the relevancy and materiality of the documents for which discovery was sought. At this stage of the proceedings and in the present status of the pleadings relevancy and materiality are established sufficiently to entitle defendant to discovery. Plaintiff's reliance upon *Feuer* v. *Menkes Feuer, Inc.* (8 A D 2d 294) is misplaced. That case, and the principles restated in it, involved, and were said to involve, a contract of indemnity and a pending litigation in which the indemnitor was given notice and an election to defend. While it is true that in noncontractual indemnity relationships there is occasional right to fix the indemnitor's obligation by notice of pending litigation, especially in cases of vicarious liability, the applicability of such principles is yet to be established in this case (1 Freeman, Judgments [5th ed.], § 444 *et seq.*, but especially § 448, second and third unnumbered paragraphs). On that the court does not now pass, nor should it. Consequently, it suffices for the purpose of the present appeal that the only ground upon which the relevancy and the materiality of the requested documents has been questioned is not persuasive. Settle order on notice. Concur—Botein, P. J., Breitel, Valente, Stevens and Eager, JJ.

■ HERBERT L. GRINNELL, Appellant, v. ELEANOR F. GRINNELL, Respondent.— The examination actually sought relates to an essential element in the case, namely, the wife's residence at the time as a foundation for obtaining an out-of-State divorce from a prior husband. It does not relate to the relations between the parties during their marriage, and may involve facts peculiarly in the knowledge of defendant wife. Plaintiff husband moved promptly after the case was placed on the calendar. Consequently, plaintiff husband is entitled, as limited, to the pretrial relief he seeks. Settle order on notice providing for expeditious examination limited to the issue of the wife's residence at or about the time of her out-of-State divorce from a prior husband. Concur—Botein, P. J., Breitel, Valente, Stevens and Eager, JJ.

■ In the Matter of JOSEPH QUITTNER, as Chairman of Tenants Committee for and on behalf of Himself and 15 Other Tenants Similarly Situated in Premises 929 Park Avenue, New York City, Appellant, v. ROBERT E. HERMAN, as State Rent Administrator, Respondent, and ABRAHAM HIRSCHFELD, Intervenor-respondent.— No opinion. Concur—Breitel, J. P., Rabin, McNally, Stevens and Eager, JJ.