■ Luis Q. Pineda, an Infant, by His Mother Mildred L. Pineda, et al., Respondents, v. J. B. Roerig & Co., Division of Chas. Pfizer & Co., Inc., Appellant, et al., Defendant.— Order, Supreme Court, New York County, entered on June 20, 1972, denying appellant's motion for a protective order vacating interrogatories served by respondents, unanimously modified, on the law, on the facts and in the exercise of discretion, to the extent of limiting the information sought in interrogatory numbered XIII to a statement or copy of any package inserts and striking interrogatories numbered XXXIV, XXXV, XXXVI and XXXVII. Except as so modified, said order is affirmed, without costs and without disbursements. The appeal from the order of said court entered on October 3, 1972, denying appellant's motion for reargument, is dismissed as nonappealable, without costs and without disbursements. The material sought in interrogatory XIII is too broad and all-encompassing to constitute a proper request and should be limited to the extent above indicated. The same objection applies to interrogatories XXXIV, XXXV and XXXVI which seek information concerning appellant's drug sales and gross profits. Moreover, they apparently seek to circumvent a prior unappealed order of Special Term denying respondents' request to discover and inspect appellant's profit and loss statement. Accordingly, said interrogatories should be stricken. Interrogatory XXXVII improperly calls for an opinion as to a conclusion of law and should also be stricken. Concur — McGivern, P. J., Murphy, Steuer and Capozzoli, JJ.

■ The People of the State of New York, Respondent, v. Richard Cart, Appellant.— Judgment, Supreme Court, Bronx County, rendered September 29, 1972, convicting defendant, after trial, of rape in the first degree, robbery in the first degree, grand larceny in the third degree, possession of a weapon as a felony, burglary in the second degree and criminal possession of stolen property in the second degree, and sentencing defendant to a term of 5 to 15 years on the rape conviction and various concurrent terms of lesser duration on the remaining crimes, unanimously modified, on the law, to dismiss the count for criminal possession of stolen property and, as so modified, the judgment is affirmed. Defendant was properly convicted of grand larceny. However, the conviction for criminal possession of receiving the stolen property may not stand because a defendant may not be found guilty of both receiving stolen property and larceny of the same property. (People v. Moro, 23 N Y 2d 496, 500; People v. Ortiz, 42 A D 2d 931; People v. Carrero, 42 A D 2d 575; Penal Law, § 165.60, subd. 2.) The count in the indictment charging criminal possession of stolen property is, therefore, dismissed. Concur — Nunez, J. P., Kupferman, Murphy and Tilzer, JJ.