■ SOHBY F. ISKANDER, Appellant, v EVELYNE Y. MELCONE, Also Known as EVELYNE Y. BOTROS, Also Known as EVELYNE Y. ISKANDER, Respondent.—In an action to declare the nullity of a marriage, or, in the alternative, to annul the marriage on the ground of fraud, plaintiff appeals from two orders of the Supreme Court, Kings County, both dated December 3, 1975, the first of which denied his motion to strike defendant's note of issue and statement of readiness and to strike the case from the Trial Calendar and the second of which denied his motion to compel defendant and certain witnesses to submit to examination before trial. First above-described order affirmed, without costs or disbursements. Second above-described order modified, by deleting from the decretal paragraph thereof the words "denied in all respects" and substituting therefor the words "granted as to that branch thereof which seeks to compel the examination before trial of defendant, and is otherwise denied." As so modified, order affirmed, without costs or disbursements. This case, which should be promptly tried, is retained on the Trial Calendar so that, following the completion of the examination before trial, the issues may be speedily resolved. Plaintiff had the right to examine defendant before trial as to the following two issues: (1) the jurisdictional validity of defendant's divorce from her former husband (see *Grinnell v Grinnell*, 15 AD2d 468; *Di Francesco v Di Francesco*, 47 Misc 2d 632; *Brunel v Brunel*, 64 NYS2d 295); and (2) defendant's alleged concealment of a mental or physical condition (see *O'Connor v O'Connor*, 12 AD2d 627; *Kotopoulos v Kotopoulos*, 53 NYS2d 932). However, since the nonparty witnesses have not been served with subpoenas, we lack the jurisdiction to compel their examination before trial (see CPLR 3106, subd [b]; *Bush Homes v Franklin Nat. Bank of Long Is.*, 61 Misc 2d 495, 496). Hopkins, Acting P. J., Margett, Damiani, Rabin and Hawkins, JJ., concur.

■ J & J LOG AND LUMBER CORPORATION, Respondent, v MARC DANCOSE, Appellant, et al., Defendant.—In a negligence action to recover damages for the loss of the use of a truck, defendant Dancose appeals from an order of the Supreme Court, Dutchess County, entered October 22, 1975, which, *inter alia*, granted plaintiff's motion for summary judgment as against him. Order reversed, with $50 costs and disbursements, and motion denied. In our opinion, the questions of negligence and contributory negligence present triable issues of fact which may not be determined on a motion for summary judgment. Cohalan, Acting P. J., Margett, Damiani, Rabin and Titone, JJ., concur.