■ SIMON FELLNER, Respondent, v TEXAS MEXICAN RAILWAY COMPANY, Appellant, et al., Defendants.—Order, Supreme Court, Bronx County, entered January 23, 1980, which denied defendant-appellant's motion for a protective order vacating plaintiff-respondent's demand for interrogatories, affirmed, with costs. Special Term found the interrogatories to be for the most part relevant and not objectionable on any other grounds. The trial courts have wide discretion in deciding the propriety of interrogatories, and we do not find an abuse of that discretion here. Concur—Sandler, J. P., Sullivan and Carro, JJ.

Silverman, J., dissents in a memorandum as follows: I would reverse the order appealed from and grant appellant's motion for protective order vacating plaintiff's demand for interrogatories. The demand appears to me to be unduly burdensome and oppressive. Plaintiff, assignee of a shipper, sues a number of railroad carriers on five causes of action relating to five shipments of goods, as to which plaintiff alleges that the goods either were not delivered or were delivered in damaged condition. The plaintiff has

served interrogatories covering 30 pages with 169 questions, many of them with subdivisions that more than double the items requested. And all the questions are to be answered separately with respect to each of the five shipments. The relevance of many of the questions is not apparent. The causes of action range in amounts from $180 to $9,709. At least as to the smaller causes of action, it obviously would be cheaper for defendants not to contest than to prepare answers to the interrogatories, some of them requiring considerable investigation. When disclosure devices become so burdensome that it no longer pays to defend the action, they effectively close the courts to the litigant who must answer the questions. It is not an answer to say that because the amounts are small and the appellant is in Texas, interrogatories are necessary. To begin with, it would appear that plaintiff could prove a prima facie case by simply showing the shipment, and nondelivery or delivery in damaged condition. If appellant has any defenses, it would have to produce its relevant evidence in the courts in New York. There should be some reasonable relationship between the expense of disclosure and the stakes in the litigation. Plaintiff says he "is an assignee of the claim and has no personal knowledge of the facts giving rise to the instant cause of action." It thus follows that plaintiff is not a mere alter ego of the shipper but apparently a stranger who has bought these disputed claims obviously at a considerable discount for purposes of suit and collection. A denial of the protective order in this case thus facilitates the business of strangers buying up disputed claims, suing on them and serving interrogatories that are so burdensome that defendant must pay rather than defend.