■ ELIZABETH P. SCHNUR, Respondent, v NEUBERGER & BERMAN, Appellant, et al., Defendant.—In an action, *inter alia,* to recover damages for fraud and mismanagement of plaintiff's investment account, defendant Neuberger & Berman appeals from so much of an order of the Supreme Court, Westchester County (Burchell, J.), dated June 8, 1984, as granted plaintiff's motion to strike numbers 8, 9 and 10 of its interrogatories.

Order affirmed, insofar as appealed from, with costs.

The interrogatories in question were properly stricken as irrelevant as they sought detailed information concerning plaintiff's finances for the 10-year period preceding plaintiff's opening of an investment account with defendant, the alleged mismanagement of which is the subject of the instant action. Where a client alleges, as here, that the investment broker has improperly "churned" his or her account, the issue of whether the trading engaged in was excessive must be examined in light of the investment objectives of the customer (see, e.g., Rolf v Blyth Eastman Dillon & Co., 424 F Supp 1021, 1039-1040, affd and remanded 570 F2d 38, cert denied 439 US 1039; Van Alen v Dominick & Dominick, 441 F Supp 389, 400-401, affd 560 F2d 547; Mihara v Dean Witter & Co., 619 F2d 814, 820-821), and not, as defendant argues here, in light of the client's over-all wealth and financial history. Bracken, J. P., Weinstein, Kunzeman and Kooper, JJ., concur.