■ DONALD JEWELL, Appellant, v ROBERT ROWE, Respondent.—In an action for specific performance of a contract to sell real property, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Underwood, J.), dated February 28, 1985, which, after a nonjury trial, dismissed the complaint.

Judgment affirmed, with costs.

The defendant agreed to sell the subject premises to the plaintiff under a contract which provided a closing date 30 days after its execution on January 29, 1984. Because the plaintiff was unable to acquire sufficient funds to close, the parties agreed to several adjournments of the closing date. Eventually, the parties fixed a law day of May 15, 1984, and agreed that time was to be of the essence. Approximately one week before the law day, the plaintiff inspected the premises and discovered that the roof of the building thereon had been damaged. In a letter dated May 8, 1984, the plaintiff demanded that the defendant repair the damaged roof. In a letter dated May 14, 1984, the eve of the law day, the plaintiff asserted that although he was ready, willing and able to perform his obligations under the contract, the defendant had failed to repair the damaged roof and, therefore, was in default. By letter dated May 15, 1984, the defendant advised the plaintiff that he had never refused to perform his obligations under the contract and, in fact, the repairs to the roof had been undertaken and were expected to be completed by May 17, 1984. The letter also stated that although the defendant had tendered performance that day, he would, without waiving any rights, grant the plaintiff a further opportunity to close on May 18, 1984, and would also provide escrow funds if necessary to ensure completion of the roof repairs.

The defendant tendered performance on both the May 15, 1984 and May 18, 1984, law days, but the plaintiff did not.

On appeal from the judgment dismissing his action for specific performance of the contract, the plaintiff contends that Special Term erred in concluding that he was not entitled to relief because he was not the real party in interest. However, although Special Term noted in its decision that the plaintiff did "not appear to be the party in interest", because the contract was intended for the benefit of a third party, the

court also found, *inter alia,* that the law day had been adjourned because of the plaintiff's failure to have secured sufficient funds to tender his performance, that the defendant had taken immediate steps to repair the roof, and that the plaintiff had failed to appear on both the May 15, 1984 and May 18, 1984 law days.

Based upon all of the evidence, the court correctly found that the plaintiff was not entitled to specific performance. Where a premises to be conveyed is substantially damaged prior to title closing, the purchaser out of possession under a real estate contract containing no risk of loss provision may seek rescission, or, in the alternative, specific performance with an abatement of the purchase price (General Obligations Law § 5-1311; *Lucenti v Cayuga Apts.,* 48 NY2d 530). However, in order to establish entitlement to specific performance of this contract, which provided that time was to be of the essence, the plaintiff was required to demonstrate that he had tendered performance on the law day *(see, Grace v Nappa,* 46 NY2d 560, 565), or, if his tender was excused by the defendant's anticipatory breach of the contract, that he was nevertheless ready, willing and able to perform his own obligations under the contract on that day *(see, Huntington Min. Holdings v Cottontail Plaza,* 96 AD2d 526, *affd* 60 NY2d 997; *Stawski v Epstein,* 67 AD2d 681). Thus, assuming, arguendo, that the plaintiff's failure to have tendered performance on the date specified for the closing of title was excused by the defendant's alleged refusal to repair the damaged roof of the subject premises, the plaintiff was not relieved of his burden of establishing that he had been ready, willing and able to do so. The weight of the evidence demonstrates that the plaintiff did not have the requisite funds or financial commitments from others in order to meet his obligations under the contract and, in fact, the closing had been adjourned several times because the plaintiff lacked sufficient funds to proceed. Under these circumstances, Special Term correctly found that the plaintiff had failed to demonstrate his right to specific performance of the contract. Lazer, J. P., Gibbons, Bracken and Niehoff, JJ., concur.