■ SHELDON BLITTNER et al., Respondents, v BERG AND DORF et al., Appellants.—In an action to recover a down payment with regard to a contract to purchase a hotel, the defendants appeal from an order of the Supreme Court, Kings County (Held, J.), dated August 4, 1987, which granted the motion of

a nonparty, Ronald Krakauer, for a protective order pursuant to CPLR 3103 quashing the defendants' subpoena directing his examination before trial.

Ordered that the order is affirmed, with costs.

The plaintiff Sheldon Blittner commenced this action seeking the return of a $100,000 down payment paid to the defendants pursuant to a contract to purchase a hotel. The defendants assert that Mr. Blittner has no cause of action because he has assigned all his rights and interest in the contract and down payment to the plaintiff Bank Leumi Trust Company of New York. The defendants also assert that they are entitled to the down payment under the terms of the contract as liquidated damages because the plaintiffs failed to seek a mortgage commitment within the time period specified in the contract.

In connection with the alleged assignment, an affidavit dated October 1, 1985 was prepared for Mr. Blittner by his attorney stating that the assignment had been made and that no consideration had been received. During the discovery proceedings, Mr. Blittner stated that he did not personally sign the October 1, 1985 affidavit; rather it was signed by his attorney with his knowledge and consent. Mr. Blittner stated in his examination before trial and in response to a notice to admit that his attorney had signed the affidavit on his behalf, that he was not challenging the authenticity of the document, and that he considered himself bound by the signature.

Thereafter, the defendants served a subpoena seeking to examine Ronald Krakauer, an attorney and a notary public associated with the attorneys for Mr. Blittner, who notarized the October 1, 1985, affidavit. The defendants' stated purpose was "[t]o determine the facts and circumstances surrounding the execution of [the October 1, 1985] affidavit". Mr. Krakauer moved for a protective order (CPLR 3103) and to quash the subpoena (CPLR 2304). The Supreme Court, Kings County, granted the relief sought, and we affirm.

It was not an improvident exercise of discretion for the Supreme Court to prevent the examination of Mr. Krakauer because the information sought was not material or necessary to the defense of this lawsuit (CPLR 3101 [a] [4]; see, Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406; Shutt v Pooley, 43 AD2d 59, 61-62; Shapiro v Levine, 104 AD2d 800, 801). Given the admissions made by Mr. Blittner concerning the execution of the October 1, 1985 affidavit, rather than sharpening the issues and reducing delay and prolixity, the discovery sought

here would focus " 'undue attention to the collateral matter to the detriment of the main issue' " *(Stephen-Leedom Carpet Co. v Arkwright-Boston Mfrs. Mut. Ins. Co.,* 101 AD2d 574, 578 *[lv dismissed* 64 NY2d 602],* quoting *Nowack v Metropolitan St. Ry. Co.,* 166 NY 433, 437). Accordingly, the Supreme Court properly granted the relief sought by Mr. Krakauer. Mangano, J. P., Lawrence, Spatt and Balletta, JJ., concur.