■ ANDREW F. LOPEZ et al., Respondents, v HUNTINGTON AUTOHAUS LTD. et al., Appellants.—In an action to recover damages under New York General Business Law § 198-a and for breach of warranty, the defendant Huntington Autohaus Ltd. appeals from so much of an order of the Supreme Court, Nassau County (Christ, J.), dated March 21, 1988, as denied those branches of its motion which were for a protective order striking numbers 5 and 6 of the plaintiffs' interrogatories and granted those branches of the plaintiffs' cross motion which were to compel it to answer those interrogatories, and Volkswagen of America, Inc., separately appeals, as limited by its notice of appeal and brief, from so much of the same order as denied those branches of its motion which were for a protective order striking numbers 3, 4, 5 and 6 of the plaintiffs' interrogatories, and granted those branches of the plaintiffs' cross motion which were to compel it to answer those interrogatories.

Ordered that the order is reversed insofar as appealed from, with one bill of costs, those branches of the motion of the defendant Huntington Autohaus Ltd. which were for a protec-

tive order striking numbers 5 and 6 of the plaintiffs' interrogatories are granted and those branches of the plaintiffs' cross motion which were to compel it to answer those interrogatories are denied, those branches of the motion of the defendant Volkswagen of America, Inc., which were for a protective order striking numbers 3, 4, 5 and 6 of the plaintiffs' interrogatories are granted, and those branches of the plaintiffs' cross motion which were to compel it to answer those interrogatories are denied.

CPLR 3101 (a) provides that "[t]here shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action". While the disclosure provisions of the CPLR are to be liberally construed *(see, Cynthia B. v New Rochelle Hosp. Med. Center,* 60 NY2d 452, 461), with the test being one of "usefulness and reason" *(see, Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406), "this is not to say that *carte blanche* demands are to be honored, and those demands which are unduly burdensome or lack specificity or seek privileged matter or seek irrelevant information or are otherwise improper must be denied" *(see, Capoccia, P. C. v Spiro,* 88 AD2d 1100, 1101). Under such circumstances, vacatur of the discovery demand is the appropriate remedy rather than its pruning *(see, Handy v Geften Realty,* 129 AD2d 556, 557).

The subject interrogatories are so overbroad and seek so much irrelevant and immaterial information that they are unduly burdensome and oppressive. The interrogatories request disclosure with respect to vehicle components that are not involved in this case, and on warranty claims or other legal proceedings, regardless of their nature or forum, which involve matters not even remotely similar to the causes of action of these plaintiffs. Moreover, interrogatory number 6 addressed to Volkswagen of America, Inc., seeks unlimited information as to all inquiries or investigations made at any level of government since mid-1984 with respect to all 1984 Audi 5000's sold by that appellant anywhere in the world.

The burden of serving a proper demand is upon counsel, and it is not for the courts to correct a palpably bad one *(Cramp v Cramp,* 114 AD2d 835, 836; *Martino v Mid-Island Hosp.,* 73 AD2d 592); accordingly, the interrogatories in question are striken. Bracken, J. P., Kooper, Harwood and Balletta, JJ., concur.