■ Eugene Feeley et al., Appellants, v Midas Properties, Inc., et al., Respondents.—In an action to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Putnam County (Dickinson, J.), dated May 12, 1989, which, *inter alia,* denied those branches of their motion which were to compel the defendants to comply with certain outstanding requests for production of documents and to

compel certain witnesses to respond to questions propounded at examinations before trial.

Ordered that the appeal from so much of the order as denied that branch of the plaintiffs' motion which was to compel responses to questions propounded at examinations before trial is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the respondents are awarded one bill of costs.

Contrary to the plaintiffs' contentions, the Supreme Court did not improvidently exercise its discretion in declining to compel the defendants to comply with certain of the plaintiffs' requests for the production of documents pertaining to matters unrelated to the plaintiffs' Carmel, New York, Midas Muffler franchise. It is well settled that trial courts "possess a wide discretion to decide whether information sought is 'material and necessary' " (Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406, quoting from CPLR 3101 [a]) in light of the issues in litigation. Moreover, "[w]hile the disclosure provisions of the CPLR are to be liberally construed * * * with the test being one of 'usefulness and reason' * * * 'this is not to say that carte blanche demands are to be honored' " (Lopez v Huntington Autohaus, 150 AD2d 351, 352). This court has declined to mandate compliance with discovery requests where, "rather than sharpening the issues and reducing delay and prolixity, the discovery sought * * * would focus ' "undue attention to the collateral matter to the detriment of the main issue" ' " (Blittner v Berg & Dorf, 138 AD2d 439, 440-441, quoting from Stephen-Leedom Carpet Co. v Arkwright-Boston Mfrs. Mut. Ins. Co., 101 AD2d 574, 578; see also, Clark v New York City Health & Hosps. Corp., 157 AD2d 817).

While the allegations of wrongdoing set forth in the plaintiffs' complaint derive exclusively from claims relating to the plaintiffs' Carmel, New York, Midas Muffler franchise, the plaintiffs nevertheless have requested, inter alia, extensive production of documents concerning numerous unrelated Midas franchise locations. Under the circumstances, and upon our review of the record, it is our conclusion that the Supreme Court properly exercised its discretion in determining that the so-called "non-Carmel" materials requested by the plaintiffs pertained to collateral matters and would tend to obscure, rather than sharpen, the issues for trial (see, Blittner v Berg & Dorf, supra).

Finally, appeal does not lie as of right from so much of the

order as declined to compel certain witnesses to answer questions propounded at examinations before trial, and we decline to grant leave to appeal therefrom *(see, Courtney v Edelschick,* 157 AD2d 818; *Sainz v New York City Health & Hosps. Corp.,* 106 AD2d 500).* Lawrence, J. P., Kooper, Sullivan and Rosenblatt, JJ., concur.