■ MILLENKO MIJATOVIC et al., Respondents, v JOSEPH NOONAN, as Executor of EMIL V. HENDEN, Deceased, Appellant, et al., Defendant.—In an action, *inter alia,* for specific performance of a contract for the sale of real property, the defendant appeals from so much of an order of the Supreme Court, Queens County (Posner, J.), dated June 27, 1989, as denied that branch of his motion which was to strike the plaintiffs' complaint and cancel the notice of pendency filed by the plaintiffs for failure to respond to certain discovery demands.

Ordered that the order is affirmed, with costs.

Contrary to the appellant's contention, the Supreme Court properly refused to compel the plaintiffs to respond to interrogatories numbered 3, 4, 5 and 6 or to comply with the appellant's demands for production of documents relating to the plaintiffs' finances.

The propriety of interrogatories depends upon the extent of the material requested, and whether that material is reasonably necessary in preparing the prosecution or defense of an action *(see, Fellner v Texas Mexican Ry. Co.,* 76 AD2d 820). Interrogatories which call for opinions or conclusions of law, rather than relevant facts, should be stricken *(see, Lilling v Syracuse Bros. Dev. Corp.,* 114 AD2d 938, 938-939; *Pineda v Roerig & Co.,* 43 AD2d 827). Here, interrogatories numbered 3,

4 and 5 request conclusions and opinions unrelated to the facts which the plaintiffs must prove in their specific performance action. At the trial, the plaintiffs herein must demonstrate that there was a valid contract of sale and that they were ready, willing and able to tender performance and close title thereunder, i.e. that they had the requisite funds or financial commitments (see, Jewell v Rowe, 119 AD2d 634, 635). Interrogatory numbered 6, demanding that the plaintiffs identify all of their assets and liabilities from November 1985 to the present and items aa and bb of the appellant's notice for discovery and inspection demanding "complete documents relating to the finances of plaintiffs from November, 1985 until present" and "all monthly statements since November 1985 for any and all of plaintiffs' bank accounts" are overly broad in that they seek far more information than that needed by the appellant. It will be incumbent upon the plaintiffs to demonstrate that they had the "requisite funds or financial commitments from others in order to meet [their] obligations" (Jewell v Rowe, supra, at 635). Moreover, discovery demands such as these, which contain all-inclusive demands for documents of every kind for information substantially in excess of that to which the requesting party is entitled, are generally stricken in their entirety (see, Schnur v Neuberger & Berman, 114 AD2d 495, 496; Brandon v Chefetz, 101 AD2d 786; Metzger v Brockman, 92 AD2d 499, 500). Thompson, J. P., Kunzeman, Eiber, Rosenblatt and Ritter, JJ., concur.