■ EUROPEAN AMERICAN BANK, Appellant, v COMPETITION MOTORS, LTD., et al., Defendants, and BARBARA GRECCO, Respondent.—In an action to recover on promissory notes, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Collins, J.), dated October 4, 1990, as upon reargument, adhered to the original determination in an order dated March 2, 1990, granting the defendant Barbara Grecco discovery on all issues.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and, upon reargument, the provision of the order dated March 2, 1990, which granted the defendant Barbara Grecco discovery on all issues is vacated, and a provision is substituted therefor limiting Barbara Grecco's disclosure to the genuineness of her signature as guarantor and to the extent of the plaintiff's damages.

In 1989 the plaintiff commenced an action by service of a motion for summary judgment in lieu of a complaint *(see,* CPLR 3213), against the various defendants on promissory notes for advances made to the defendant Competition Motors, Ltd., the principal obligor. The defendant John Grecco and his wife, the defendant Barbara Grecco, were alleged to be liable on the promissory notes based on a personal guarantee allegedly executed by them. Both these defendants opposed the motion with identical arguments. Additionally, Barbara Grecco contended that she never executed a personal guarantee and that her signature on the guarantee was a forgery.

By order dated March 2, 1990, the court rejected the various arguments of the defendants, and granted the plaintiff's motion to the extent of granting it summary judgment on the issue of liability against the defendants other than Barbara Grecco. This Court affirmed that portion of the order *(see, European Am. Bank v Lofrese,* 182 AD2d 67).

With respect to Barbara Grecco, the Supreme Court denied the motion, holding that there is a question of fact as to whether her signature on the guarantee is a forgery. The court then held that Barbara Grecco "shall be entitled to discovery on *all* issues and the remaining defendants against whom partial summary judgment is granted herein shall have disclosure as to the element of damages only".

In April 1990, the plaintiff moved for reargument, seeking, *inter alia,* to modify the order dated March 2, 1990, so as to limit Barbara Grecco's disclosure rights to only the issues pertaining to the genuineness of her signature on the guarantee. By order dated October 4, 1990, the Supreme Court granted reargument, but adhered to the original determination.

We agree with the plaintiff that Barbara Grecco's disclosure rights should be limited to discovery of matters pertaining to the issue of the genuineness of her signature on the guarantee, and the plaintiff's damages. CPLR 3101 (a) requires that there

"shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action * * * by:

"(1) a party".

In determining which evidence is "material and necessary", the courts possess wide discretion *(see, Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403). " 'While the disclosure provisions of the CPLR are to be liberally construed * * * with the test being one of "usefulness and reason" * * * "this is not to say that *carte blanche* demands are to be honored" ' " *(Feeley v Midas Props.,* 168 AD2d 416, 417, quoting *Lopez v Huntington Autohaus,* 150 AD2d 351, 352). Disclosure must be for purposes of "sharpening the issues and reducing delay and proximity", and should not be permitted where the discovery sought would focus " ' "undue attention to the collateral matter to the detriment of the main issue" ' " *(Blittner v Berg & Dorf,* 138 AD2d 439, 440-441, quoting *Stephen-Leedom Carpet Co. v Arkwright-Boston Mfrs. Mut. Ins. Co.,* 101 AD2d 574, 578).

At bar, Barbara Grecco opposed the plaintiff's motion for summary judgment in lieu of complaint with arguments which were identical to those raised by her codefendants. Her only additional contention was that her purported signature on the guarantee was a forgery. All the other defenses and counterclaims were rejected, and that determination was affirmed by this Court *(see, European Am. Bank v Lofrese,* 182 AD2d 67, *supra).*

Consequently, Barbara Grecco's disclosure rights with respect to liability should be limited to whether or not her signature on the guarantee is a forgery. To grant much broader disclosure would allow a fishing expedition *(see, Auerbach v Bennett,* 47 NY2d 619; *Lipshie v Peck,* 139 AD2d 702; *Fallon v CBS Inc.,* 124 AD2d 697). Eiber, J. P., Ritter, Pizzuto and Santucci, JJ., concur.