■ APPLE BANK FOR SAVINGS, Plaintiff, v NOAH's ROUTE 110, INC., et al. Respondents, and JOSEPH GHISELINE et al., Appellants. (And Third-Party Actions.) [620 NYS2d 965] —In an action to foreclose on a security agreement, the defendants Joseph Ghiseline and Jack Pellicano appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Saladino, J.), entered October 9, 1992, as granted the motion of the defendants Rose Sher and Chaz Nightclub, Ltd., for a protective order vacating the appellants' notice for discovery and inspection, and denied their cross motion, *inter alia,* to strike the pleadings of, among others, the respondents for failure to comply with certain discovery requests.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly granted the respondents a protective order, vacating the appellants' request for production of documents, inasmuch as certain of the documents sought were already in the appellants' possession, while many of the other documents sought were not specified "with reasonable particularity" as required by CPLR 3120 (a) (1) (former [i]) *(see,* CPLR 3120 [a] [2]). Under these circumstances, vacatur of this discovery demand is the appropriate remedy, rather than pruning by this Court *(see, e.g., Lopez v Huntington Autohaus,* 150 AD2d 351, 352; *Cramp v Cramp,* 114 AD2d 835).

Additionally, the Supreme Court properly declined to order the respondents' attorney to submit to an examination before trial, inasmuch as the appellants failed to serve this prospective nonparty witness with a subpoena *(see,* CPLR 3106 [b]; *Frybergh v Kouffman,* 119 AD2d 541; *Iskander v Melcone,* 52 AD2d 592; *see also, Merrick v Niagara Mohawk Power Corp.,* 144 AD2d 878).

We decline to review the appellants' contention that the respondents' attorney should have been disqualified, as it was not properly presented to the Supreme Court and is being raised for the first time on this appeal.

We have examined the appellants' remaining contentions and find them to be without merit. Lawrence, J. P., Santucci, Altman and Goldstein, JJ., concur.