■ FLAIR BEVERAGE CORP., Appellant, v C&C COLA, INC., Respondent. [670 NYS2d 462] —Judgment, Supreme Court, New York County (Herman Cahn, J.), entered on or about January 17, 1997, which, after a nonjury trial, dismissed plaintiff's complaint, unanimously affirmed, without costs.

We agree with the trial court that, while the use of reverse vending machines is widely accepted by beverage dealers and distributors, the Returnable Container Act (ECL 27-1001 *et seq.* [the Act]) is not violated by a distributor's rejection of returned containers dismembered in reverse vending machines whose brand and refund value cannot as a consequence be verified by a visual inspection (6 NYCRR 367.5 [b]; 367.7 [a]). The refusal of a distributor such as defendant to accept such containers for redemption, except from a trusted intermediary employing an examination method acceptable to the distributor, does not frustrate the purpose or intent of the Act.

Plaintiff's claim that defendant was unjustly enriched is unsupported in the record and was properly dismissed.

We have considered plaintiff's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Milonas, Rosenberger and Tom, JJ.

■ JACK SHAH, Appellant, v LEXTAJ CORPORATION, N.V., Respondent. [670 NYS2d 78] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered July 25, 1997, which, in an action for breach of contract by plaintiff concierge service operator against defendant hotel, denied plaintiff's motion to compel disclosure of documents pertaining to defendant's relationship with the person who succeeded plaintiff in the operation of the concierge service, unanimously affirmed, without costs.

The motion was properly denied in this breach of employment contract action on the ground that defendant's relationship with plaintiff's successor is not material and necessary to plaintiff's claim (*see, Feeley v Midas Props.,* 168 AD2d 416). Concur—Sullivan, J. P., Milonas, Rosenberger and Tom, JJ.