■ CITIPRO REALTY CORP. et al., Appellants, v LORAC MANAGEMENT CO., INC., et al., Respondents. In the Matter of GEORGE P. LAX, Respondent, v LOGUIDICE ENGINEERING P. C. et al., Appellants. [681 NYS2d 536] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered January 28, 1998, which, to the extent appealed from as limited by plaintiffs' brief, (1) granted defendants' motion for summary judgment dismissing plaintiffs' first, second and third causes of action alleged on behalf of plaintiff Citipro Realty Corp.; (2) dismissed plaintiffs' first and second causes of action alleged on behalf of plaintiff Frank M. Loguidice; and (3) denied that portion of plaintiffs' cross motion for summary judgment dismissing defendants' fourth affirmative defense (as asserted in the answer submitted on behalf of all defendants), and order, same court and Justice, entered April 10, 1998, which referred to a Referee, to hear and report, the issue of whether respondents assigned their lien, unanimously affirmed, without costs. Plaintiffs' appeal from an order of the same court and Justice, entered April 16, 1998, which, upon the partial grant of reargument, struck paragraph 18 from defendants' answer, which paragraph, in support of defendants' second counterclaim for an accounting, alleged that defendant Lax had no adequate remedy at law, unanimously dismissed, without costs, since plaintiffs are not aggrieved from that portion of the order granting them the aforesaid limited relief and no appeal lies from the remaining portion of the order denying reargument.

Plaintiffs' cause of action for breach of an option agreement to lease certain real property was properly dismissed since plaintiffs failed to offer evidence, in admissible form, to substantiate their allegations (see, Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067) that defendants improperly interfered with their efforts to satisfy a condition precedent to their exercise of the option. Specific performance, the remedy sought by plaintiffs as to both the option agreement and plaintiffs' agreement with defendants respecting development of the subject premises (both of which have expired), was additionally precluded by the absence of evidence that plaintiffs were ready, willing and able to perform their respective obligations under the agreements (see, Jewell v Rowe, 119 AD2d 634; Hadcock Motors v Metzger, 92 AD2d 1, 7).

The unavailability of specific performance notwithstanding, however, issues of fact remain as to the amount of reimbursement claimed by the parties under the development agreement.

Finally, in the proceeding for summary discharge of the lien of Loguidice Engineering P. C. and Frank C. Loguidice, we decline to interfere with the court's discretionary direction of further, and possibly dispositive, inquiry regarding facts stated upon the face of the lien. Concur—Ellerin, J. P., Williams, Mazzarelli and Saxe, JJ.