■ Brian Latture, Respondent, v James T. Smith, Previously Known as LL Cool J, et al., Appellant. [758 NYS2d 135] —In an action, inter alia, to recover damages for breach of an oral contract, the defendants James T. Smith, previously known as LL Cool J, and LL Cool J, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Golar, J.), dated April 3, 2002, as granted that branch of the plaintiff's cross motion which was to strike their answer for failure to appear for an examination before trial "to the extent provided for in the order dated March 6, 2002," granted that branch of the plaintiff's motion which was to strike their answer for failure to respond to the plaintiff's combined notices and demands for discovery dated February 28, 2001, "to the extent provided for in the order dated March 6, 2002," and in effect, denied that branch of their cross motion which was for a protective order striking certain of the plaintiff's combined notices and demands for discovery dated February 28, 2001, except "to the extent provided for in the order dated March 6, 2002."

Ordered that the order dated April 3, 2002, is modified, on the law, by (1) deleting the provision thereof granting that branch of the plaintiff's motion which was to strike the defendants' answer for failure to respond to the plaintiff's combined notices and demands for discovery dated February 28, 2001, "to the extent provided for in the order dated March 6, 2002," and substituting therefor a provision denying that branch of the motion, and (2) deleting the provision thereof which, in effect, denied that branch of the defendants' cross motion which was for a protective order except "to the extent provided for in the order dated March 6, 2002," and substituting therefor a provision granting that branch of the motion and

striking in its entirety the plaintiff's combined notices and demands for discovery dated February 28, 2001; as so modified, the order is affirmed insofar as appealed from, with costs to the appellants.

Contrary to the plaintiff's argument, the order dated April 3, 2002, is appealable by the defendants as of right (*see* CPLR 5511). The order dated April 3, 2002, decided motions and cross motions which were fully submitted by the parties which concerned, insofar as is relevant here, two discovery disputes, to wit, the deposition of the defendants, and the plaintiff's combined notices and demands for discovery and the defendants' responses thereto.

Moreover, to the extent the Supreme Court applied the doctrine of the law of the case with respect to the rulings contained in the order dated April 3, 2002, that order is reviewable to determine whether the Supreme Court properly adhered to the prior order. The doctrine of law of the case does not apply to rulings, such as case management decisions, which are based on the discretion of the court (*see People v Evans,* 94 NY2d 499, 504-506 [2000]; *Brothers v Bunkoff Gen. Contrs.,* 296 AD2d 764, 765 [2002]). In any event, the doctrine of the law of the case does not bind appellate courts and, therefore, this Court is not bound by the law of the case established by the order dated March 6, 2002 (*see Keith v Schulman,* 265 AD2d 380 [1999]; *Fabbricatore v Lindenhurst Union Free School Dist.,* 259 AD2d 659 [1999]; *Zappolo v Putnam Hosp. Ctr.,* 117 AD2d 597 [1986]). Upon our review of the order dated April 3, 2002, the Supreme Court improperly adhered to the directives contained in the order dated March 6, 2002.

In denying the defendants' cross motion for a protective order except for the defendants' "personal and romantic correspondence," the Supreme Court ordered the production of virtually all of the defendants' business and financial records covering a 17-year period, from 1985 to the present, even though the allegations in the complaint concern the period 1990 to 1995, and concern a limited subject matter. In addition, the plaintiff's demand requested documents from 1988, and the Supreme Court erroneously broadened that period to 1985.

The plaintiff's document demand includes requests for documents that are irrelevant to this litigation, e.g., documents pertaining to all civil and criminal actions filed against the defendants. These documents have no bearing on the sole remaining cause of action in this litigation, that is, breach of an oral contract to pay for managerial services performed by

the plaintiff. In addition, the plaintiff failed to justify his demand for certain confidential documents. Contrary to the plaintiff's argument, tax returns are generally not discoverable in the absence of a strong showing that the information is indispensable to the claim and cannot be obtained from other sources (*see Saratoga Harness Racing v Roemer,* 274 AD2d 887, 888-889 [2000]; *Briand Parenteau, Inc. v Dean Witter Reynolds,* 267 AD2d 576, 577 [1999]; *Slate v State of New York,* 267 AD2d 839, 840-841 [1999]). The plaintiff did not make any showing whatsoever that the defendants' financial information could not be obtained from other sources.

In sum, permitting the disclosure sought by the plaintiff would be tantamount to licensing a fishing expedition (*see European Am. Bank v Competition Motors,* 186 AD2d 784, 785 [1992]). Although some of the plaintiff's 47 requests contained within his demand may be relevant, this Court will not prune them (*see EIFS, Inc. v Morie Co.,* 298 AD2d 548, 549 [2002]; *Apple Bank for Sav. v Noah's Rte. 110,* 210 AD2d 277 [1994]; *Lopez v Huntington Autohaus,* 150 AD2d 351, 352 [1989]; *see also Mijatovic v Noonan,* 172 AD2d 806, 807 [1991]). Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was to strike the defendants' answer for failure to respond to the plaintiff's combined notices and demands for discovery, and should have granted that branch of the plaintiff's cross motion which was for a protective order and struck the plaintiff's entire combined notices and demands for discovery (*see EIFS, Inc. v Morie Co., supra; Apple Bank for Sav. v Noah's Rte. 110, supra; Lopez v Huntington Autohaus, supra; see also Mijatovic v Noonan, supra*).

The parties' remaining contentions are without merit. Florio, J.P., S. Miller, Crane and Rivera, JJ., concur.