■ LINDA BELL, Respondent, v COBBLE HILL HEALTH CENTER, INC., Appellant. [804 NYS2d 362]—

In an action, inter alia, to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated October 14, 2004, as denied those branches of its motion which were for a protective order vacating the plaintiff's notice of discovery and inspection and combined demands with respect to certain documents.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, those branches of the motion which were for a protective order vacating the plaintiff's notice of discovery and inspection and combined demands with respect to certain documents are granted, and the plaintiff's notice of discovery and inspection and combined demands is stricken in its entirety.

Where, as here, discovery demands are palpably improper in that they are overbroad, lack specificity, or seek irrelevant or confidential information, the appropriate remedy is to vacate the entire demand rather than to prune it (*see Astudillo v St. Francis-Beacon Extended Care Facility, Inc.*, 12 AD3d 469, 470 [2004]; *Latture v Smith*, 304 AD2d 534, 536 [2003]; *Bettan v Geico Gen. Ins. Co.*, 296 AD2d 469, 471 [2002]). "The burden of serving a proper demand is upon counsel, and it is not for the courts to correct a palpably bad one" (*Lopez v Huntington Autohaus*, 150 AD2d 351, 352 [1989]). Therefore, the Supreme Court should have granted the defendant's motion for a protective order in its entirety and vacated the plaintiff's notice of discovery and inspection and combined demands. Florio, J.P., Crane, Ritter and Lifson, JJ., concur.