■ SHAMEL SMITH, Appellant, v CITY OF NEW YORK, Defendant. DISTRICT ATTORNEY, NEW YORK COUNTY, Nonparty Respondent. [854 NYS2d 44]—

The quashing of the subpoena was a proper exercise of judicial discretion (*see Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968]). Plaintiff failed to establish that the ADA's deposition testimony as to her motives for charging plaintiff with possession of a forged instrument in an underlying criminal action, and instructing the grand jury in the way she did, is "material and necessary" to this malicious prosecution action against the City (CPLR 3101 [a]; *see generally Blittner v Berg & Dorf*, 138 AD2d 439 [1988]). Such an action based on the allegedly malicious or improper acts of an ADA cannot stand where, as here, the actions complained of are associated with "the prosecutorial phase of the criminal process," and are thus subject to absolute immunity (*Johnson v Town of Colonie*, 102 AD2d 925, 926 [1984]; *see generally Drakeford v City of New York*, 6 AD3d 302 [2004], *appeal dismissed* 2 NY3d 779 [2004], *cert denied* 543 US 909 [2004], *appeal dismissed and lv denied* 3 NY3d 731 [2004]).

In view of the foregoing, it is unnecessary to address whether

the motion was properly granted based on the attorney work-product privilege (*see* CPLR 3101 [c]). However, were we to address the issue, we would find that such privilege applies to protect the ADA from disclosing her "mental impressions, conclusions, opinions or legal theories" (CPLR 3101 [d] [2]) in the underlying criminal action. Concur—Lippman, P.J., Gonzalez, Sweeny and Catterson, JJ.