■ JOANNE CONTE, Appellant, v COUNTY OF NASSAU et al., Defendants, and CITY OF GLEN COVE, Respondent. [929 NYS2d 742]—

The Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was pursuant to CPLR 3120 to compel disclosure and production of certain documents, and in granting that branch of the cross motion of the defendant City of Glen Cove which was for a protective order, as the plaintiff's demands were overly broad, lacked specificity, and sought irrelevant documents (*see* CPLR 3120 [2]; *Board of Mgrs. of the Park Regent Condominium v Park Regent Assoc.*, 78 AD3d 752, 753 [2010]; *Bell v Cobble Hill Health Ctr., Inc.*, 22 AD3d 620, 621 [2005]; *Astudillo v St. Francis-Beacon Extended Care Facility, Inc.*, 12 AD3d 469, 470 [2004]; *Latture v Smith*, 304 AD2d 534, 536 [2003]; *Lopez v Huntington Autohaus*, 150 AD2d 351, 352 [1989]).

The Supreme Court also providently exercised its discretion in denying that branch of the plaintiff's motion which was to compel the City to produce additional witnesses for deposition and in granting that branch of the City's cross motion which was for a protective order. A corporate entity has the right to designate, in the first instance, the employee who shall be examined (*see Thristino v County of Suffolk*, 78 AD3d 927 [2010]; *Nunez v Chase Manhattan Bank*, 71 AD3d 967, 968 [2010]; *Seattle Pac. Indus., Inc. v Golden Val. Realty Assoc.*, 54 AD3d 930, 932 [2008]; *Sladowski-Casolaro v World Championship Wrestling, Inc.*, 47 AD3d 803 [2008]). The plaintiff failed to sustain her burden of demonstrating that the City representative who had already been deposed had insufficient knowledge, or was otherwise inadequate, and that there was a substantial likelihood that the persons sought by the plaintiff for additional depositions possessed information which was material and necessary to the prosecution of the action (*see Spohn-Konen v Town of Brookhaven*, 74 AD3d 1049 [2010]; *Sladowski-Casolaro v World Championship Wrestling, Inc.*, 47 AD3d 803 [2008]; *Barone v Great Atl. & Pac. Tea Co.*, 260 AD2d 417, 417-418 [1999]; *Saxe v City of New York*, 250 AD2d 751, 752 [1998]). Dillon, J.P., Leventhal, Hall and Lott, JJ., concur.