■ MARIE-GISELE KAMANOU-GOUNE et al., Appellants, v SWISS INTERNATIONAL AIRLINES, Respondent. [954 NYS2d 227]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered January 14, 2011, as denied that branch of their motion which was, in effect, pursuant to CPLR 3124 to compel the defendant to comply with certain document production requests, and granted that branch of the defendant's cross motion which was pursuant to CPLR 3124 to compel them to respond to the defendant's demand for a bill of particulars and combined demands.

Ordered that the order is affirmed insofar as appealed from, with costs.

Pursuant to CPLR 3120, the plaintiffs requested that the de-

fendant produce certain documents. The defendant objected to these requests and provided written responses (*see* CPLR 3122); it did not produce any of the requested documents. The plaintiffs moved, inter alia, in effect, pursuant to CPLR 3124 to compel the defendant to comply with their document production requests. Thereafter, the defendant complied with some of the requests by producing certain documents, but reasserted its objections to the plaintiffs' other requests and refused to produce the documents related to those requests. The defendant then cross-moved pursuant to CPLR 3124 to compel the plaintiffs to respond to its demand for a bill of particulars and combined demands, and pursuant to CPLR 3103 for a protective order with respect to the plaintiffs' requests for the production of certain documents.

The Supreme Court denied the aforementioned branch of the plaintiffs' motion on the ground that it was rendered "moot" when the defendant complied with some of the plaintiffs' document requests by producing certain documents. The Supreme Court also denied that branch of the defendant's cross motion which was pursuant to CPLR 3103 for a protective order on the ground that it had also been rendered "moot," but granted that branch of the cross motion which was pursuant to CPLR 3124 to compel the plaintiffs to respond to its demand for a bill of particulars and combined demands. The plaintiffs appeal. We affirm the order insofar as appealed from, albeit, in part, on grounds different from those relied upon by the Supreme Court.

Contrary to the determination of the Supreme Court, that branch of the plaintiffs' motion which was, in effect, pursuant to CPLR 3124 to compel the defendant to comply with certain document production requests was not rendered academic by the defendant's partial compliance with those requests (*cf. Kooper v Kooper*, 74 AD3d 6, 9 [2010]; *Bajrovic v Jeff Anders Trucking*, 52 AD3d 553 [2008]).

However, the denial of that branch of the plaintiffs' motion was appropriate as those requests were overly broad, lacked specificity, and sought irrelevant documents (*see generally Conte v County of Nassau*, 87 AD3d 559, 560 [2011]; *Bell v Cobble Hill Health Ctr., Inc.*, 22 AD3d 620, 621 [2005]; *Latture v Smith*, 304 AD2d 534, 535-536 [2003]).

Furthermore, the Supreme Court providently exercised its discretion in granting that branch of the defendant's cross motion which was pursuant to CPLR 3124 to compel the plaintiffs to respond to its demand for a bill of particulars and combined demands (*see Clark v Halmar Equities, Inc.*, 88 AD3d 940, 941 [2011]).

The plaintiffs' remaining contentions, which pertain to the merits of this action, are not properly before this Court. Rivera, J.P., Balkin, Leventhal and Chambers, JJ., concur.