—In a proceeding pursuant to CPLR article 75 to temporarily stay arbitration of a claim for supplementary underinsured motorist benefits and to direct the respondent to provide additional authorizations, the petitioner appeals from an order of the Supreme Court, Suffolk County (Gargüilo, J.), dated April 2, 2012, which denied the petition.
Ordered that the order is affirmed, with costs.
The respondent, Phyllis Librizzi, was injured in a motor vehicle accident and sought supplementary underinsured motorist arbitration. After Librizzi served her request for arbitration, she and the petitioner stipulated to temporarily stay arbitration pending the completion of discovery. Librizzi complied with the petitioner’s discovery requests. Subsequently, the petitioner demanded additional discovery and, when Librizzi insisted on proceeding to arbitration, the petitioner commenced this proceeding, inter alia, to direct Librizzi to provide additional authorizations.
Discovery demands that are overly broad, are lacking in specificity, or seek irrelevant documents are improper (see Conte v County of Nassau, 87 AD3d 559, 560 [2011]; Board of Mgrs. of the Park Regent Condominium v Park Regent Assoc., 78 AD3d 752, 753 [2010]). “ ‘The burden of serving a proper demand is upon counsel, and it is not for the courts to correct a palpably bad one’ ” (Bell v Cobble Hill Health Ctr., Inc., 22 AD3d 620, *922 621 [2005], quoting Lopez v Huntington Autohaus, 150 AD2d 351, 352 [1989]; see Latture v Smith, 304 AD2d 534, 536 [2003] [“Although some of the plaintiffs 47 requests contained within his demand may be relevant, this Court will not prune them”]). Here, the Supreme Court correctly determined that the additional demands were overly broad and sought irrelevant material.
The parties’ remaining contentions are without merit.
Thus, the Supreme Court properly denied the petition to temporarily stay arbitration of a claim for supplementary underinsured motorist benefits and to direct the respondent to provide additional authorizations. Rivera, J.E, Balkin, Dickerson and Cohen, JJ., concur.