Ceballos v New York City Hous. Auth. (2019 NY Slip Op 05104)





Ceballos v New York City Hous. Auth.


2019 NY Slip Op 05104


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
LEONARD B. AUSTIN
ROBERT J. MILLER, JJ.


2016-12793
 (Index No. 711262/15)

[*1]Johnny Ceballos, appellant, 
v
New York City Housing Authority, respondent, et al., defendant.


Law Offices of John P. Grill, P.C., Carmel, NY, for appellant.
Newman Myers Kreines Gross Harris, P.C. (Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, New York, NY [Judy C. Selmeci], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert L. Nahman, J.), entered December 2, 2016. The order, insofar as appealed from, denied, as academic, that branch of the plaintiff's motion which was to compel the defendant New York City Housing Authority to respond to certain discovery demands, and granted those branches of the cross motion of the defendant New York City Housing Authority which were for a protective order with respect to discovery demands 5 and 6.
ORDERED that the order is modified, on the facts and in the exercise of discretion, (1) by deleting the provision thereof denying, as academic, that branch of the plaintiff's motion which was to compel the defendant New York City Housing Authority to respond to certain discovery demands, and substituting therefor a provision granting that branch of the plaintiff's motion which was to compel a response to discovery demand 5, and denying those branches of the plaintiff's motion which were to compel responses to discovery demands 1, 2, 3, 6, 8, 9, 10, 11, and 13, and (2) by deleting the provision thereof granting that branch of the cross motion of the defendant New York City Housing Authority which was for a protective order with respect to discovery demand 5, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant New York City Housing Authority.
The plaintiff was a cable technician employed by Time Warner Cable. In 2015, the plaintiff responded to a tenant's complaint of internet problems at an apartment in a public housing project owned by the New York City Housing Authority (hereinafter NYCHA). While the plaintiff was attempting to install a new cable, he fell from his ladder and sustained personal injuries.
The plaintiff thereafter commenced this action against NYCHA, among others. The complaint asserted causes of action alleging violations of Labor Law §§ 200, 240(1), and 241(6), as well as common-law negligence. NYCHA interposed a verified answer, and in January 2016 the plaintiff served discovery demands on NYCHA. NYCHA objected to each of the plaintiff's discovery demands and did not provide any documents in response.
In July 2016, the plaintiff moved, inter alia, to compel NYCHA to respond to the discovery demands. In August 2016, NYCHA cross-moved for a protective order pursuant to CPLR 3103 and 3120. The plaintiff opposed the cross motion, but withdrew discovery demands 4, 7, and [*2]12. By order entered December 2, 2016, the Supreme Court, among other things, denied, as academic, that branch of the plaintiff's motion which was to compel responses to his remaining discovery demands, and granted those branches of NYCHA's motion which were for a protective order with respect to discovery demands 5 and 6. The plaintiff appeals.
Contrary to the determination of the Supreme Court, that branch of the plaintiff's motion which was to compel NYCHA to comply with certain discovery demands was not rendered academic by NYCHA's responses to those demands which, for the most part, either objected to the demands or were not responsive (see Kamanou-Goune v Swiss Intl. Airlines, 100 AD3d 968, 969).
Nevertheless, we agree with the Supreme Court's denial of those branches of the plaintiff's motion which were to compel responses to discovery demands 1, 2, 3, 6, 8, 9, 10, 11, and 13, as those demands were overly broad, lacked specificity, or sought irrelevant documents (see generally Kamanou-Goune v Swiss Intl. Airlines, 100 AD3d at 969; Conte v County of Nassau, 87 AD3d 559, 560; Bell v Cobble Hill Health Ctr., Inc., 22 AD3d 620, 621). The court, however, improvidently exercised its discretion in denying that branch of the plaintiff's motion which was to compel a response to discovery demand 5, as that demand was relevant (compare Sanatass v Consolidated Inv. Co., Inc., 10 NY3d 333, 340-341, with Abbatiello v Lancaster Studio Assoc., 3 NY3d 46, 51), and was properly tailored (see generally JRP Old Riverhead Ltd. v Town of Southampton, 73 AD3d 1130, 1132-1133). For the same reason, the court improvidently exercised its discretion in granting NYCHA's cross motion for a protective order as to demand 5.
We note that, contrary to the plaintiff's contention, NYCHA's cross motion for a protective order was not untimely pursuant to CPLR 3122 (see CPLR 3103[a]; 3122[a]). Moreover, the Supreme Court providently exercised its discretion in granting that branch of NYCHA's cross motion which sought a protective order with respect to discovery demand 6, since that demand was palpably improper (see generally Kamanou-Goune v Swiss Intl. Airlines, 100 AD3d at 969; Conte v County of Nassau, 87 AD3d at 560; Bell v Cobble Hill Health Ctr., Inc., 22 AD3d at 621).
RIVERA, J.P., BALKIN, AUSTIN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court