■ BARBARA ORLANDO et al., Respondents, v RICHMOND PRE-CAST, INC., et al., Appellants. [861 NYS2d 765]—

In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Gigante, J.),

dated May 16, 2007, as denied that branch of their motion which was, in effect, to compel the plaintiffs to comply with the items requested in their notice for discovery and inspection dated November 16, 2006.

Ordered that the order is modified, on the law and the facts, by deleting the provision thereof denying that branch of the motion which was, in effect, to compel the plaintiffs to comply with item No. 11 of the defendants' notice for discovery and inspection dated November 16, 2006, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants; and it is further,

Ordered that the time for the plaintiffs to comply with item No. 11 of the defendants' notice for discovery and inspection dated November 16, 2006, shall be within 90 days after service of a copy of this decision and order upon the plaintiffs.

The defendants sought, inter alia, to obtain authorizations for workers' compensation and medical records of the plaintiff Barbara Orlando (hereinafter the plaintiff) arising out of an accident that had occurred in 1999, some six years prior to the subject accident. Since the nature and severity of the plaintiff's prior physical injuries may have an impact upon the amount of damages recoverable for a claim of loss of enjoyment of life, the records and reports regarding those prior injuries are material and necessary to the defense (see *Diamond v Ross Orthopedic Group, P.C.*, 41 AD3d 768, 769 [2007]; *Vanalst v City of New York*, 276 AD2d 789 [2000]). Rivera, J.P., Lifson, Miller, Carni and Eng, JJ., concur.