■ JUDITH ROTHSTEIN, Respondent, v CHIHEE HUH et al., Appellants, et al., Defendants. [875 NYS2d 250]—

In an action to recover damages for medical malpractice and lack of informed consent, the defendants Chihee Huh, Hans Christian Fromme, David Neckritz, and Maimonides Medical Center appeal from an order of the Supreme Court, Kings County (Lewis, J.), dated April 8, 2008, which granted the plaintiff's motion pursuant to CPLR 3103 for a protective order regarding mental health and alcohol abuse treatment records.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and the plaintiff's motion for a protective order is denied.

It is well settled that a plaintiff who commences a medical malpractice action waives the physician-patient privilege with respect to those physical or mental conditions which he or she affirmatively places in issue in the lawsuit (*see Dillenbeck v Hess*, 73 NY2d 278, 287 [1989]; *Koump v Smith*, 25 NY2d 287, 294 [1969]). Since the plaintiff affirmatively placed the mental condition of her ward in controversy, the appellants were entitled to full disclosure of records regarding her ward's mental health and alcohol abuse treatment, if any, prior to the date of the alleged negligence (*see Avila v 106 Corona Realty Corp.*, 300 AD2d 266, 267 [2002]; *Ellerin v Bentley's*, 266 AD2d 259, 260 [1999]; *Daniele v Long Is. Jewish-Hillside Med. Ctr.*, 74 AD2d 814 [1980]; *cf. Wojtusiak v Elardo*, 43 AD3d 436 [2007]; *Calendar v Mnasin*, 23 AD3d 509 [2005]). In addition, the nature and severity of the previous mental condition of her ward is material

and necessary to the issue of damages recoverable for a claimed loss of enjoyment of life due to his current brain injury (*see Diamond v Ross Orthopedic Group, P.C.,* 41 AD3d 768, 769 [2007]; *Vanalst v City of New York,* 276 AD2d 789 [2000]). Spolzino, J.P., Ritter, Covello and Belen, JJ., concur.