In an action to recover damages for personal injuries, the defendant Petrocelli Electric Co., Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated July 30, 2008, as denied those branches of its motion which were to compel the plaintiff to provide authorizations for the release of his medical records pertaining to his preexisting kidney, cardiac, and diabetic conditions, and to vacate the note of issue and certificate of readiness.
Ordered that the order is reversed insofar, as appealed from, on the law, on the facts, and in the exercise of discretion, with costs, and those branches of the appellant’s motion which were to compel the plaintiff to provide authorizations for the release of his medical records pertaining to his preexisting kidney, cardiac, and diabetes conditions, and to vacate the note of issue and certificate of readiness, are granted.
Since the nature and severity of the plaintiffs prior medical conditions may have an impact upon the amount of damages, if any, recoverable for a claim of loss of enjoyment of life, the records regarding those preexisting medical conditions are material and necessary to the defense (see Orlando v Richmond Precast, Inc., 53 AD3d 534 [2008]; Diamond v Ross Orthopedic Group, P.C., 41 AD3d 768, 769 [2007]; Vanalst v City of New York, 276 AD2d 789 [2000]). Accordingly, that branch of the appellant’s motion which was to compel the plaintiff to produce authorizations for the release of his medical records pertaining to his preexisting kidney, cardiac, and diabetic conditions should have been granted.
The plaintiffs certificate of readiness incorrectly stated that all pretrial discovery, including physical examinations, had been *619 completed. As this was a misstatement of a material fact, that branch of the appellant’s motion which was to vacate the note of issue and certificate of readiness should have been granted (see 22 NYCRR 202.21 [e]; Brown v Astoria Fed. Sav., 51 AD3d 961, 962 [2008]; Gregory v Ford Motor Credit Co., 298 AD2d 496, 497 [2002]; Drapaniotis v 36-08 33rd St. Corp., 288 AD2d 254 [2001]). Dillon, J.P., Dickerson, Belen and Lott, JJ., concur.