■ EDUARD VODOFF, Respondent, v TAHIR MEHMOOD et al., Appellants. [938 NYS2d 472]—

A party must provide duly executed and acknowledged written authorizations for the release of pertinent medical records when that party has waived the physician-patient privilege by affirmatively putting his or her physical or mental condition in issue (*see* CPLR 3121 [a]; *Dillenbeck v Hess,* 73 NY2d 278 [1989]; *Cynthia B. v New Rochelle Hosp. Med. Ctr.,* 60 NY2d 452, 456-457 [1983]; *Diamond v Ross Orthopedic Group, P.C.,* 41 AD3d 768 [2007]). Further, CPLR 3101 (a) requires full disclosure of all evidence material and necessary to the prosecution or defense of an action, regardless of the burden of proof (*see Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403 [1968]). Here, the defendants met their initial burden of showing that the nature and severity of the plaintiff's pre-existing medical condition is material and necessary to the issue of damages, if any, recoverable for a claimed loss of enjoyment of life due to his current injuries (*see Abdalla v Mazl Taxi, Inc.,* 66 AD3d 803, 804 [2009]; *Amoroso v City of New York,* 66 AD3d 618 [2009]; *Orlando v Richmond Precast, Inc.,* 53 AD3d 534 [2008]; *Weber v Ryder TRS, Inc.,* 49 AD3d 865 [2008]; *Diamond v Ross Orthopedic Group, P.C.,* 41 AD3d at 769). In opposition, the plaintiff failed to establish that he did not suffer from a preexisting medical condition of diabetes. Accordingly, the defendants' motion to compel the plaintiff to provide authorizations for the release of certain medical records pertaining to his preexisting condition of diabetes should have been granted. Dillon, J.P., Balkin, Chambers and Austin, JJ., concur.