In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated September 22, 2011, as granted that branch of the defendant’s motion which was to vacate the note of issue and, in effect, granted that branch of the defendant’s motion which was to compel the plaintiff to comply with outstanding discovery to the extent of referring the matter to a special referee to hear and report as to the statutorily required findings pursuant to Public Health Law § 2785 and, in effect, to assess whether there is a compelling need for disclosure pursuant to that statute.
Ordered that on the Court’s own motion, the notice of appeal from so much of the order as referred the matter to a special referee to hear and report as to the statutorily required findings pursuant to Public Health Law § 2785 and, in effect, to assess whether there is a compelling need for disclosure pursuant to that statute is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,
Ordered that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendant to recover damages for personal injuries allegedly sustained as a result of the plaintiffs fall at premises owned by the defendant. Apparently, during discovery, the defendant inadvertently received information indicating that the plaintiff was HIV positive. The defendant then demanded medical information regarding the plaintiffs HIV status, but the plaintiff refused to provide authorizations for such information and refused to answer questions regarding his HIV status at his deposition. The plaintiff filed a note of issue and the defendant moved, inter alia, to vacate the note of issue and to compel the plaintiff to comply with outstanding discovery. The Supreme Court, among other things, granted that branch of the defendant’s motion which was to vacate the note of issue and, in effect, granted that branch of the motion which was to compel the plaintiff to comply with outstanding discovery to the extent of referring the matter to a special referee to “hear and report as to the *899 statutorily required findings and to assess the relevance of the medical information sought.” The plaintiff appeals, and we affirm the order insofar as appealed from.
The Legislature, in enacting Public Health Law § 2785, has set forth specific requirements for the discovery of confidential HIV-related information. That statute provides, in relevant part, that a court may grant an order for disclosure of confidential HIV-related information upon a showing of “a compelling need for disclosure of the information for the adjudication of a criminal or civil proceeding” (Public Health Law § 2785 [2] [a]). The statute further provides that, “[i]n assessing compelling need . . . the court shall provide written findings of fact, including scientific or medical findings, citing specific evidence in the record which supports each finding, and shall weigh the need for disclosure against the privacy interest of the protected individual and the public interest which may be disserved by disclosure which deters future testing or treatment or which may lead to discrimination” (Public Health Law § 2785 [5]).
Here, the Supreme Court properly applied the requirements set forth in Public Health Law § 2785 for the discovery of confidential HIV-related information. The Supreme Court properly found that the plaintiff put his HIV status in issue by commencing this action and alleging that he suffered permanent injuries and a total disability as a result of the accident (see Diamond v Ross Orthopedic Group, P.C., 41 AD3d 768 [2007]; Dwight B. v Board of Educ. of City of Newburgh, 157 Misc 2d 1004, 1007 [1993]). Furthermore, the Supreme Court properly found that the plaintiffs life expectancy would be relevant to an award of damages, and that ignoring the plaintiffs HIV status would violate the defendant’s right to a fair trial by seriously hindering the defendant’s ability to mount a defense based on a claimed shortened life expectancy (see Doe v G.J. Adams Plumbing, Inc., 8 Misc 3d 610, 613 [2005]).
Contrary to the plaintiffs contention, the Supreme Court did not merely assess the relevance of the requested medical information, but, in effect, considered and concluded that the defendant may have a compelling need for the requested HIV-related information (cf. Catherine D. v Judy, 38 AD3d 258 [2007]). The Supreme Court appropriately referred the matter to a special referee to “hear and report” on the “statutorily required findings,” which we interpret to mean the statutorily required findings under Public Health Law § 2785 (2) (a) and (5). In essence, the Supreme Court properly directed a fact-finding hearing on the issue of whether there is a compelling need for each item of HIV-related discovery sought by the defendant.
*900 Accordingly, the Supreme Court properly granted that branch of the defendant’s motion which was to vacate the note of issue and properly, in effect, granted that branch of the motion which was to compel the plaintiff to comply with outstanding discovery to the extent of referring the matter to a special referee in accordance with Public Health Law § 2785.
The defendant’s remaining contentions are without merit. Dillon, J.P., Leventhal, Hall and Austin, JJ., concur. [Prior Case History: 33 Misc 3d 1206(A), 2011 NY Slip Op 51792(U).]