In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated September 28, 2011, as denied those branches of its motion which were to compel the plaintiff to appear for a supplemental deposition on the issue of her participation in the witness protection program and to respond to its notice to produce dated January 6, 2011.
Ordered that the order is modified, on the facts and in the exercise of discretion, (1) by deleting the provision thereof deny *677 ing that branch of the defendant’s motion which was to compel the plaintiff to appear for a supplemental deposition on the issue of her participation in the witness protection program, and substituting therefor a provision granting that branch of the motion to the extent of directing the plaintiff to appear for a supplemental deposition concerning the facts and circumstances surrounding her entry into the witness protection program, (2) by deleting the provision thereof denying those branches of the defendant’s motion which were to compel the plaintiff to respond to its notice to produce dated January 6, 2011, with respect to demands numbered 1, 10, 13 through 18, 21, and 22, and substituting therefor provisions granting those branches of the motion, and (3) by adding thereto a provision directing that the transcript of the supplemental deposition and any information disclosed at the supplemental deposition, and any records and information disclosed through the plaintiffs responses to the notice to produce dated January 6, 2011, are not to be disclosed to anyone other than counsel of record and, in the event that these documents and this information are included as part of the Supreme Court’s file, the papers containing these documents and this information are to be filed under seal; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant.
On May 5, 2008, the plaintiff allegedly was injured when the bathroom ceiling in her apartment collapsed. The premises on which her apartment was located were owned by the defendant. The plaintiff commenced this action against the defendant to recover damages for personal injuries. According to her bills of particulars, the plaintiff sustained injuries to her neck, back, and right knee, which required surgery and caused a loss of enjoyment of life.
During a deposition of the plaintiff, she refused to answer certain questions on the ground that she was a participant in the federal witness protection program. Following that deposition, the defendant served the plaintiff with a notice to produce dated January 6, 2011, which sought, among other things, an authorization for the release of records maintained by the Witness Security Unit Office of Enforcement Operations of the United States Department of Justice (hereinafter the Witness Security Office) with respect to the plaintiffs participation in the witness protection program, copies of records pertaining to psychological testing and physical evaluations of the plaintiff which were obtained by the Witness Security Office, and the results of random drug and alcohol testing. The plaintiff refused to respond to that notice to produce.
*678 The defendant moved, inter alia, to compel the plaintiff to appear for a supplemental deposition on the issue of her participation in the witness protection program and to respond to its notice to produce dated January 6, 2011. The Supreme Court denied those branches of the defendant’s motion, and the defendant appeals.
CPLR 3101 (a) requires, in pertinent part, “full disclosure of all matter material and necessary in the prosecution or defense of an action.” Material and necessary information is that which is required to be disclosed because it bears upon the controversy at issue and will assist the requesting party in preparing for trial (see Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406 [1968]; Kooper v Kooper, 74 AD3d 6, 10 [2010]). Courts are to interpret discovery requests liberally in favor of disclosure (see Kavanagh v Ogden Allied Maintenance Corp., 92 NY2d 952, 954 [1998]; Ural v Encompass Ins. Co. of Am., 97 AD3d 562, 566 [2012]; Riverside Capital Advisors v First Secured Capital Corp., 292 AD2d 515, 515 [2002]).
The Supreme Court improvidently exercised its discretion in denying that branch of the defendant’s motion which was to compel the plaintiff to appear for a supplemental deposition on the issue of her participation in the witness protection program. The facts and circumstances surrounding the plaintiffs entry into the witness protection program are material since the plaintiff has claimed that she cannot answer certain deposition questions as a result of her participation in that program (see Hoffman v Connecticut Natl. Bank, 120 FRD 15, 16 [D Conn 1988]). A participant in the witness protection program cannot use his or her entry into the program as a means “to shield him [or her] from . . . the adverse effects of the litigation he [or she] has initiated,” especially where the subsequent action is not related to the criminal action which triggered the need for the party’s participation in the witness protection program in the first instance (id. at 17). Further, in this case, the information may bear on the plaintiffs credibility in light of the fact she provided differing explanations at her depositions as to why she has two social security numbers. Accordingly, the Supreme Court should have granted that branch of the defendant’s motion to the extent of directing the plaintiff to appear for a supplemental deposition concerning the facts and circumstances surrounding her entry into the witness protection program. The transcript of the supplemental deposition and any information disclosed at that deposition are only to be disclosed to counsel of record and, if the transcript or any such information becomes part of the court’s file, they are to be filed under seal (see Hoffman v Connecticut Natl. Bank, 120 FRD at 16).
*679 With respect to the defendant’s notice to produce dated January 6, 2011, the Supreme Court improvidently exercised its discretion in denying those branches of the defendant’s motion which were to compel the plaintiff to respond to those demands which sought an authorization for the release of records maintained by the Witness Security Office with respect to the plaintiffs participation in the witness protection program and information about the plaintiffs physical and mental condition. In order to comply with “the liberal discovery provisions of the CPLR,” a party who affirmatively places his or her medical condition into issue “must provide duly executed and acknowledged written authorizations for the release of pertinent medical records” (DeLouise v S.K.I. Wholesale Beer Corp., 79 AD3d 1092, 1093 [2010] [internal quotation marks omitted]; see Diamond v Ross Orthopedic Group, P.C., 41 AD3d 768, 769 [2007]; Vanalst v City of New York, 276 AD2d 789 [2000]). Moreover, the defense is entitled to review records showing “the nature and severity of the plaintiffs prior medical conditions [which] may have an impact upon the amount of damages, if any, recoverable for a claim of loss of enjoyment of life” (Amoroso v City of New York, 66 AD3d 618, 618 [2009]).
Here, in light of the plaintiffs allegations that her neck, back, and right knee were injured, the plaintiff s medical records are material since she has affirmatively placed her medical condition in controversy (see Diamond v Ross Orthopedic Group, P.C., 41 AD3d at 768). Specifically, the plaintiffs records reflecting her medical history, preexisting physical conditions, and the records maintained by the Witness Security Office reflecting her physical condition, are material and necessary to the issue of damages (see DeLouise v S.K.I. Wholesale Beer Corp., 79 AD3d at 1093; Diamond v Ross Orthopedic Group, P.C., 41 AD3d at 769; Vanalst v City of New York, 276 AD2d 789 [2000]) . Further, due to the plaintiffs allegation that her physical injuries caused a loss of enjoyment of life, medical records which reflect the plaintiffs mental condition prior to the date that she allegedly sustained the injuries which are the subject of this action are material and necessary to the issue of damages recoverable on that claim (see Rothstein v Huh, 60 AD3d 839, 839-840 [2009]). Accordingly, the Supreme Court should have granted those branches of the defendant’s motion which were to compel the plaintiff to respond to its notice to produce dated January 6, 2011, with respect to demands numbered 1, 10, 13 through 18, 21, and 22, which, inter alia, relate to the injuries she claims to have sustained. Again, any records and information disclosed through the plaintiffs responses to these demands are only to be disclosed to counsel of record and, if they become part of the *680 court’s file, they are to be filed under seal (see Hoffman v Connecticut Natl. Bank, 120 FRD at 16). Dillon, J.P., Balkin, Austin and Cohen, JJ., concur.