■ DANIEL FARRELL, Respondent, v E.W. HOWELL CO., LLC, et al., Appellants. (And a Third-Party Action.) [959 NYS2d 735]—

In an action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated November 4, 2011, as granted that branch of their motion which was pursuant to CPLR 3124 to compel the plaintiff to provide them with unrestricted medical authorizations only to the extent of directing the plaintiff to provide medical authorizations relating to treatment received during the three-year period prior to the subject accident.

Ordered that the order is modified, on the facts and in the exercise of discretion, by adding thereto a provision directing the plaintiff to provide medical authorizations relating to treatment he received commencing on the date of the subject ac-

cident up to the present; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

"[A] party must provide duly executed and acknowledged written authorizations for the release of pertinent medical records under the liberal discovery provisions of the CPLR when that party has waived the physician-patient privilege by affirmatively putting his or her physical or mental condition in issue" (*Cynthia B. v New Rochelle Hosp. Med. Ctr.*, 60 NY2d 452, 456-457 [1983] [citation omitted]; *see* CPLR 3121 [a]; *Dillenbeck v Hess*, 73 NY2d 278, 287-288 [1989]; *Avila v 106 Corona Realty Corp.*, 300 AD2d 266, 267 [2002]). Here, the plaintiff affirmatively placed his entire medical condition in controversy through the broad allegations of physical injury and mental anguish contained in his complaint (*see O'Rourke v Chew*, 84 AD3d 1193, 1193-1194 [2011]; *DeLouise v S.K.I. Wholesale Beer Corp.*, 79 AD3d 1092, 1093 [2010]; *Abdalla v Mazl Taxi, Inc.*, 66 AD3d 803, 804 [2009]; *Avila v 106 Corona Realty Corp.*, 300 AD2d at 267). However, the principle of "full disclosure" does not give a party the right to uncontrolled and unfettered disclosure (CPLR 3101 [a]; *see Romance v Zavala*, 98 AD3d 726, 728 [2012]; *D'Adamo v Saint Dominic's Home*, 87 AD3d 966, 969-970 [2011]; *JFK Family Ltd. Partnership v Millbrae Natural Gas Dev. Fund 2005, L.P.*, 83 AD3d 899, 900 [2011]). Under the circumstances of this case, where the plaintiff suffered two work-related injuries within the three years prior to the subject accident, and an automobile accident after the subject accident, the Supreme Court should have granted that branch of the appellants' motion which was to compel the plaintiff to provide unrestricted medical authorizations to the extent of directing the plaintiff to provide authorizations relating to treatment that he received commencing three years prior to the subject accident and up to the present time (*see Romance v Zavala*, 98 AD3d at 727; *see also* CPLR 3101 [h]). Angiolillo, J.P., Balkin, Austin and Miller, JJ., concur.