■ MADALENA MOREIRA, Appellant, v M.K. TRAVEL AND TRANSPORT, INC., et al., Respondents. [966 NYS2d 150]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Lane, J.), dated July 13, 2012, which denied her motion

for summary judgment on the issue of liability and granted the defendants' cross motion to compel her to provide authorizations for the release of her mental health records.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the plaintiff's motion for summary judgment on the issue of liability, and substituting therefor a provision granting the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff pedestrian was crossing an intersection in Queens within the crosswalk and with the pedestrian crossing signal in her favor when she was struck by a vehicle owned by the defendant M.K. Travel and Transport, Inc., and operated by the defendant Theodore Kilakos, as it turned left into the intersection, causing her to sustain a broken leg. The plaintiff commenced this action seeking damages for her physical injuries as well as for her anxiety, mental anguish, and loss of enjoyment of life. The plaintiff moved for summary judgment on the issue of liability, offering proof that she waited for the pedestrian crossing signal to display the walk icon, looked both ways before she entered the intersection, and proceeded to cross the street at a normal pace, walking within the crosswalk, when, a few steps before reaching the opposite sidewalk, she was struck by the defendants' vehicle as it turned left into the intersection. In opposition, the defendants claimed that, at the time of the accident, the pedestrian crossing signal was flashing the don't walk icon in the plaintiff's direction, the plaintiff was talking on a cell phone, and she "jumped" in front of the defendants' van without warning. The defendants also cross-moved to compel the plaintiff to provide authorizations for the release of her mental health records. The Supreme Court denied the plaintiff's motion for summary judgment on the issue of liability and granted the defendants' cross motion.

The plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability by demonstrating that she entered the crosswalk after exercising reasonable care and was walking within the crosswalk with the pedestrian crossing signal in her favor, and the defendant Kilakos was negligent in failing to yield the right-of-way (see Traffic Rules and Regs of City of NY [34 RCNY] § 4-03 [a] [1] [i]; [c] [1], [2]; *Castro v New York City Tr. Auth.*, 95 AD3d 1056, 1057 [2012]; *Cuevas v Chavez*, 94 AD3d 803 [2012]; *Kusz v New York City Tr. Auth.*, 88 AD3d 768 [2011]; *Martinez v Kreychmar*, 84 AD3d 1037, 1038 [2011]; *Qamar v Kanarek*, 82 AD3d 860, 861 [2011]; *Lariviere v New York City Tr. Auth.*, 82 AD3d 1165, 1166 [2011]; *Klee v Americas Best Bottling Co., Inc.*, 60 AD3d 911 [2009]).

The assertions made by the defendants in opposition lacked an evidentiary basis in the record and, thus, failed to raise a triable issue of fact (see *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Qamar v Kanarek*, 82 AD3d at 861). Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability.

Since the plaintiff sought damages for anxiety, mental anguish, and loss of enjoyment of life, her mental health records are material and necessary for an accurate assessment of her damages, and the Supreme Court properly granted the defendants' cross motion to compel disclosure of those records (see *M.C. v Sylvia Marsh Equities, Inc.*, 103 AD3d 676 [2013]; *Amoroso v City of New York*, 66 AD3d 618 [2009]; *Rothstein v Huh*, 60 AD3d 839 [2009]; *Diamond v Ross Orthopedic Group, P.C.*, 41 AD3d 768, 768-769 [2007]). Mastro, J.P., Leventhal, Sgroi and Miller, JJ., concur. **[Prior Case History: 2012 NY Slip Op 31933(U).]**