“In order to comply with ‘the liberal discovery provisions of the CFLR,’ a party who affirmatively places his or her medical condition into issue ‘must provide duly executed and acknowledged written authorizations for the release of pertinent medical records’ ” (M.C. v Sylvia Marsh Equities, Inc., 103 AD3d 676, 679 [2013], quoting DeLouise v S.K.I. Wholesale Beer Corp., 79 AD3d 1092, 1093 [2010]). In addition, “the defense is entitled to review records showing ‘the nature and severity of the plaintiffs prior medical conditions [which] may have an impact upon the amount of damages, if any, recoverable for a claim of loss of enjoyment of life’ ” (M.C. v Sylvia Marsh Equities, Inc., 103 AD3d at 679, quoting Amoroso v City of New York, 66 AD3d *742 618, 618 [2009]). Here, the plaintiffs alleged that, as a result of the defendants’ malpractice, the plaintiff Elizabeth Montalto (hereinafter the injured plaintiff) suffered, among other injuries, brain damage, an inability to perform activities of daily living without assistance, and a loss of enjoyment of life. Based upon these allegations, records of psychological treatment that the injured plaintiff may have received prior to or subsequent to the date of the alleged malpractice are material and necessary for an accurate assessment of her damages (see Moreira v M.K. Travel & Transp., Inc., 106 AD3d 965, 967 [2013]; M.C. v Sylvia Marsh Equities, Inc., 103 AD3d at 679; Rothstein v Huh, 60 AD3d 839, 839-840 [2009]). Accordingly, the Supreme Court should have denied that branch of the plaintiffs’ motion which was for a protective order pursuant to CPLR 3103 precluding the disclosure of the records of the injured plaintiff’s psychological treatment.
However, the defendants failed to demonstrate how the injured plaintiffs financial records and electronic communications, including her email messages, were material and necessary to their defense of this action. Therefore, the Supreme Court properly granted that branch of the plaintiffs’ motion which was for a protective order with respect to those records and communications (see CPLR 3101 [a]; Gitlin v Chirinkin, 71 AD3d 728, 729 [2010]). Mastro, J.P., Roman, Miller and Hinds-Radix, JJ., concur.