■ JENNIFER GRECO, Respondent, v WELLINGTON LEASING LIMITED PARTNERSHIP et al., Appellants. [43 NYS3d 64]—

In a consolidated action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Lebowitz, J.), dated May 7, 2014, as denied those branches of their motion which were to vacate the plaintiff's note of issue and certificate of readiness pursuant to 22 NYCRR 202.21 (e), and to compel the plaintiff to produce records pertaining to her prior psychiatric and substance abuse treatment, child custody status, and child support payments.

Ordered that the order is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provisions thereof denying those branches of the defendants' motion which were to vacate the plaintiff's note of issue and certificate of readiness pursuant to 22 NYCRR 202.21 (e) and to compel the plaintiff to produce records pertaining to her prior psychiatric and substance abuse treatment, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the defendants.

The plaintiff's certificate of readiness incorrectly stated that medical reports had been exchanged, that there were no outstanding requests for discovery, and that discovery known to be necessary had been completed, with the sole exceptions of "depositions of certain party witnesses" and "expert exchanges and discovery." Because this was a misstatement of a material

fact, the filing of the note of issue and certificate of readiness was a nullity, and the note and certificate should have been vacated (see 22 NYCRR 202.21 [e]; *Young v Destaso Funding, LLC*, 92 AD3d 778, 778-779 [2012]; *Gaskin v Ilowitz*, 69 AD3d 563 [2010]; *Gregory v Ford Motor Credit Co.*, 298 AD2d 496, 497 [2002]).

Moreover, the Supreme Court improvidently exercised its discretion in denying that branch of the defendants' motion which was to compel production of the plaintiff's psychiatric and substance abuse treatment records. CPLR 3101 (a) requires "full disclosure of all matter material and necessary in the prosecution or defense of an action." "Material and necessary information is that which is required to be disclosed because it bears upon the controversy at issue and will assist the requesting party in preparing for trial" (*M.C. v Sylvia Marsh Equities, Inc.*, 103 AD3d 676, 678 [2013]; see *Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968]). "Courts are to interpret discovery requests liberally in favor of disclosure" (*M.C. v Sylvia Marsh Equities, Inc.*, 103 AD3d at 678; see *Ural v Encompass Ins. Co. of Am.*, 97 AD3d 562, 566 [2012]).

Here, because the plaintiff affirmatively placed her entire medical condition in controversy through broad allegations of physical injuries and claimed loss of enjoyment of life due to those injuries, which included impairment of her nervous system and requirement of neurological care, the nature and severity of her previous psychiatric conditions and her history of treatment for substance abuse are matters material and necessary to the issue of damages (see *O'Rourke v Chew*, 84 AD3d 1193, 1194 [2011]; *Azznara v Strauss*, 81 AD3d 578, 578-579 [2011]; *Amoroso v City of New York*, 66 AD3d 618 [2009]; *Rothstein v Huh*, 60 AD3d 839 [2009]; *Diamond v Ross Orthopedic Group, P.C.*, 41 AD3d 768 [2007]; *Coddington v Lisk*, 249 AD2d 817, 818 [1998]). However, the Supreme Court properly denied that branch of the defendants' motion which was to compel the production of records pertaining to the plaintiff's child custody status and child support payments, as they failed to establish that such records contained information that was material and necessary in the prosecution or defense of this action (see CPLR 3101 [a]; *Allen v Crowell-Collier Publ. Co.*, 21 NY2d at 406). Hall, J.P., Sgroi, Barros and Connolly, JJ., concur.