■ DONALD O'BRIEN et al., Appellants, v VILLAGE OF BABYLON, Defendant, and LESSING'S, INC., et al., Respondents. [60 NYS3d 92]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated August 26, 2015, as denied their motion pursuant to CPLR 3124 to compel the depositions of three witnesses, and granted those branches of the cross motion of the defendants Lessing's, Inc., and Southland Restaurant Corporation which were pursuant to CPLR 3103 for a protective order precluding the depositions of those witnesses and pursuant to CPLR 3124 to compel the plaintiff Donald O'Brien to provide unrestricted medical authorizations for the release of medical records relating to his treatment prior to the date of the subject accident.

Ordered that the order is affirmed insofar as appealed from, with costs.

A corporate entity has the right to designate the employee who will be deposed (*see Conte v County of Nassau*, 87 AD3d 559, 560 [2011]; *Giordano v New Rochelle Mun. Hous. Auth.*, 84 AD3d 729, 731 [2011]; *Nunez v Chase Manhattan Bank*, 71 AD3d 967, 968 [2010]). A party "seeking additional depositions has the burden of demonstrating '(1) that the representatives already deposed had insufficient knowledge, or were otherwise inadequate, and (2) there is a substantial likelihood that the persons sought for depositions possess information which is material and necessary to the prosecution of the case' " (*Gomez v State of New York*, 106 AD3d 870, 872 [2013], quoting *Zollner v City of New York*, 204 AD2d 626, 627 [1994]; *see Conte v County of Nassau*, 87 AD3d at 560; *Giordano v New Rochelle Mun. Hous. Auth.*, 84 AD3d at 731; *Spohn-Konen v Town of Brookhaven*, 74 AD3d 1049, 1049 [2010]). Here, the plaintiffs failed to sustain their burden of demonstrating that the general manager testifying on behalf of the defendants Lessing's, Inc., and Southland Restaurant Corporation (hereinafter together the defendants) had insufficient knowledge or was otherwise inadequate, and that there was a substantial likelihood that the individuals sought to be deposed possessed information which is material and necessary to the prosecution of the case. The Supreme Court, therefore, properly denied the

plaintiffs' motion pursuant to CPLR 3124 to compel depositions, and granted that branch of the defendants' cross motion which was pursuant to CPLR 3103 for a protective order precluding those depositions (*see Gomez v State of New York*, 106 AD3d at 873; *Conte v County of Nassau*, 87 AD3d at 560; *Spohn-Konen v Town of Brookhaven*, 74 AD3d at 1049).

"While physician-patient communications are privileged under CPLR 4504, '[a] litigant will be deemed to have waived the privilege when, in bringing or defending a personal injury action, that person has affirmatively placed his or her mental or physical condition in issue' " (*Gutierrez v Trillium USA, LLC*, 111 AD3d 669, 672 [2013], quoting *Dillenbeck v Hess*, 73 NY2d 278, 287 [1989]). To this end, " 'a party must provide duly executed and acknowledged written authorizations for the release of pertinent medical records under the liberal discovery provisions of the CPLR (*see* CPLR 3121 [a]) when that party has waived the physician-patient privilege by affirmatively putting his or her physical or mental condition in issue' " (*Gutierrez v Trillium USA, LLC*, 111 AD3d at 672, quoting *Cynthia B. v New Rochelle Hosp. Med. Ctr.*, 60 NY2d 452, 456-457 [1983]; *see Farrell v E.W. Howell Co., LLC*, 103 AD3d 772, 773 [2013]). "In addition, the defense is entitled to review records showing the nature and severity of the plaintiff's prior medical conditions [which] may have an impact upon the amount of damages, if any, recoverable for a claim of loss of enjoyment of life" (*Montalto v Heckler*, 113 AD3d 741 [2014] [internal quotation marks omitted]; *see Vodoff v Mehmood*, 92 AD3d 773 [2012]; *Amoroso v City of New York*, 66 AD3d 618 [2009]; *Orlando v Richmond Precast, Inc.*, 53 AD3d 534, 535 [2008]).

Here, contrary to the plaintiffs' contention, they affirmatively placed the entire medical condition of the plaintiff Donald O'Brien (hereinafter the injured plaintiff) in controversy through the broad allegations in their bill of particulars (*see Farrell v E.W. Howell Co., LLC*, 103 AD3d at 773). Further, the plaintiffs expressed their intention to prove exacerbation of preexisting injuries at trial and claimed damages for loss of enjoyment of life. Accordingly, the Supreme Court properly granted that branch of the defendants' cross motion which was pursuant to CPLR 3124 to compel the injured plaintiff to provide them with authorizations for the release of medical records relating to his treatment for acoustic neuroma and back issues (*see Montalto v Heckler*, 113 AD3d at 742; *Gutierrez v Trillium USA, LLC*, 111 AD3d at 672; *Vodoff v Mehmood*, 92 AD3d at 773; *Amoroso v City of New York*, 66 AD3d at 618;

*Orlando v Richmond Precast, Inc.*, 53 AD3d at 535). Under the circumstances of this case, the Supreme Court's directive to provide medical authorizations as to these conditions, unrestricted as to date, was not an improvident exercise of discretion (*see Avila v 106 Corona Realty Corp.*, 300 AD2d 266, 267 [2002]; *cf. Farrell v E.W. Howell Co., LLC*, 103 AD3d at 773). Chambers, J.P., Miller, Duffy and Connolly, JJ., concur.