Kakharov v Archer (2018 NY Slip Op 07711)





Kakharov v Archer


2018 NY Slip Op 07711


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
COLLEEN D. DUFFY, JJ.


2017-03826
 (Index No. 505476/16)

[*1]Abdulsalim Malikovic Kakharov, appellant, 
v
Narda E. Archer, et al., respondents, et al., defendant.


William Pager, Brooklyn, NY, for appellant.
White Werbel & Fino, LLP, New York, NY (Matthew I. Toker of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated March 31, 2017. The order denied the plaintiff's motion, in effect, pursuant to CPLR 3104(d) to vacate so much of a preliminary conference order dated December 12, 2016, as directed him to provide authorizations for, inter alia, various medical records for the period three years prior to the subject accident through the present.
ORDERED that the order dated March 31, 2017, is affirmed, with costs.
The plaintiff commenced this action to recover damages for injuries he alleges he sustained when he was a passenger in a vehicle involved in a collision with another vehicle. The defendants Narda E. Archer and Lifespire, Inc., the driver and the owner of the other vehicle, respectively, sought discovery from the plaintiff, including authorizations for medical and other records. In a preliminary conference order, inter alia, the plaintiff was directed to provide those authorizations for the period three years prior to the accident through the present time.
The plaintiff moved, in effect, pursuant to CPLR 3104(d) to vacate so much of the preliminary conference order as directed him to provide the authorizations. The Supreme Court denied the motion in an order dated March 31, 2017, and the plaintiff appeals.
"In order to comply with the liberal discovery provisions of the CPLR,' a party who affirmatively places his or her medical condition into issue must provide duly executed and acknowledged written authorizations for the release of pertinent medical records'" (M.C. v Sylvia Marsh Equities, Inc., 103 AD3d 676, 679, quoting DeLouise v S.K.I. Wholesale Beer Corp., 79 AD3d 1092, 1093). In addition, "the defense is entitled to review records showing the nature and severity of the plaintiff's prior medical conditions [which] may have an impact upon the amount of damages, if any, recoverable for a claim of loss of enjoyment of life'" (M.C. v Sylvia Marsh Equities, Inc., 103 AD3d at 679, quoting Amoroso v City of New York, 66 AD3d 618, 618).
Here, the plaintiff affirmatively placed his medical condition in controversy through [*2]broad allegations in his bill of particulars (see O'Brien v Village of Babylon, 153 AD3d 547, 548; Greco v Wellington Leasing L.P., 144 AD3d 981, 982; Montalto v Heckler, 113 AD3d 741, 742). Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion.
DILLON, J.P., LEVENTHAL, ROMAN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court