Nesbitt v Advanced Serv. Solutions (2019 NY Slip Op 04961)





Nesbitt v Advanced Serv. Solutions


2019 NY Slip Op 04961


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2018-00718
 (Index No. 612086/16)

[*1]William Nesbitt, appellant, 
v
Advanced Service Solutions, et al., respondents (and another action).


Tantleff & Kreinces, LLP, Mineola, NY (Matthew R. Kreinces of counsel), for appellant.
Michael C. Tromello, Melville, NY (A.G. Chancellor III of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated November 28, 2017. The order, insofar as appealed from, granted the defendants' motion to compel the plaintiff to comply with certain discovery demands.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was to compel the plaintiff to authorize Walgreens Pharmacy to provide "Alcohol/Drug Treatment/Mental Health Information/HIV-Related Information," and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained as a result of an accident caused by a snow and ice condition. The defendants served discovery demands seeking, inter alia, authorizations for the release of medical records, including an authorization for records from Walgreens Pharmacy relating to "Alcohol/Drug Treatment/Mental Health Information/HIV-Related Information." The plaintiff refused to supply the subject authorizations, contending, inter alia, that the information sought was irrelevant to the issues in the action. The defendants moved to compel the plaintiff to supply the subject authorizations. By order dated November 28, 2017, the Supreme Court, inter alia, granted the defendants' motion. The plaintiff appeals.
"[A] party must provide duly executed and acknowledged written authorizations for the release of pertinent medical records under the liberal discovery provisions of the CPLR when that party has waived the physician-patient privilege by affirmatively putting his or her physical or mental condition in issue" (Cynthia B. v New Rochelle Hosp. Med. Ctr., 60 NY2d 452, 456-457 [citation omitted]). However, Public Health Law § 2785(1) provides that, "[n]otwithstanding any other provision of law, no court shall issue an order for the disclosure of confidential HIV related information," and the only exception to that prohibition that is pertinent in this case requires an application showing "a compelling need for disclosure of the information for the adjudication of a [*2]criminal or civil proceeding" (Public Health Law § 2785[2][a]).
Here, the defendants failed to proffer any showing of a compelling need for disclosure related to "HIV-Related Information." Further, the defendants failed to submit an expert affidavit or any other evidence that would establish a connection between "Alcohol/Drug Treatment/Mental Health Information/HIV-Related Information," and the cause of the accident, and failed to make any effort to link any such information to the plaintiff's ability to recover from his injuries or his prognosis for future enjoyment of life (see Budano v Gurdon, 97 AD3d 497, 499). Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was to compel the plaintiff to provide an authorization for a Walgreens Pharmacy to provide "Alcohol/Drug Treatment/Mental Health Information/HIV-Related Information."
However, we agree with the Supreme Court's grant of the remaining branches of the defendants' motion. The plaintiff placed his medical condition in issue, and has specifically alleged that the subject accident exacerbated preexisting injuries (see Bravo v Vargas, 113 AD3d 577, 578; Farrell v E.W. Howell Co., LLC, 103 AD3d 772; DeLouise v S.K.I. Wholesale Beer Corp., 79 AD3d 1092, 1093; Orlando v Richmond Precast, Inc., 53 AD3d 534, 535; Diamond v Ross Orthopedic Group, P.C., 41 AD3d 768, 768-769; Vanalst v City of New York, 276 AD2d 789).
RIVERA, J.P., AUSTIN, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court