Frawley v City of New York (2023 NY Slip Op 06124)

Frawley v City of New York

2023 NY Slip Op 06124

Decided on November 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2021-08758
2022-02902
 (Index No. 519773/17)

[*1]Brittany Frawley, etc., respondent, 
v
City of New York, appellant.

Amabile & Erman, P.C., Staten Island, NY (Nicholas Loiacono of counsel), for appellant.
Sacks and Sacks, LLP, New York, NY (Scott N. Singer of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from (1) an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated June 17, 2021, and (2) an order of the same court dated March 10, 2022. The order dated June 17, 2021, insofar as appealed from, denied that branch of the defendant's motion which was to compel the plaintiff to comply with its discovery demand for authorizations for the release of records pertaining to the decedent Connor Frawley's bilateral wrist injuries. The order dated March 10, 2022, denied the defendant's motion for leave to renew that branch of its prior motion which was to compel the plaintiff to comply with its discovery demand for authorizations for the release of those records.
ORDERED that the order dated June 17, 2021, is reversed insofar appealed from, on the law and in the exercise of discretion, and that branch of the defendant's motion which was to compel the plaintiff to comply with its discovery demand for authorizations for the release of records pertaining to the decedent Connor Frawley's bilateral wrist injuries is granted; and it is further,
ORDERED that the appeal from the order dated March 10, 2022, is dismissed as academic in light of our determination on the appeal from the order dated June 17, 2021; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The plaintiff's decedent, Connor Frawley (hereinafter the decedent), commenced this action against the City of New York to recover damages for injuries he allegedly sustained while working as a carpenter on premises owned by the City. The complaint and bill of particulars alleged, inter alia, loss of enjoyment of life, and that the decedent sustained permanent injuries to his head, spine, and "activation of underlying degenerative joint disease that was entirely asymptomatic." In the course of discovery, the City learned that the decedent sought treatment after the accident for "bilateral wrist pain," diagnosed as carpal tunnel syndrome, which the decedent reported began prior to the accident and since intensified.
The City moved, among other things, to compel the plaintiff to comply with its [*2]discovery demand for authorizations for the release of records pertaining to the decedent's "bilateral wrist injuries." In an order dated June 17, 2021, the Supreme Court, inter alia, denied that branch of the City's motion. Thereafter, the City moved for leave to renew that branch of its prior motion which was to compel the plaintiff to comply with its discovery demand for authorizations for the release of records pertaining to the decedent's bilateral wrist injuries. In an order dated March 10, 2022, the court denied the City's motion for leave to renew. The City appeals.
"'[A] party must provide duly executed and acknowledged written authorizations for the release of pertinent medical records under the liberal discovery provisions of the CPLR when that party has waived the physician-patient privilege by affirmatively putting his or her physical or mental condition in issue'" (DiLorenzo v Toledano, 190 AD3d 941, 942, quoting Cynthia B. v New Rochelle Hosp. Med. Ctr., 60 NY2d 452, 456-457 [citation omitted]). CPLR 3101(a) requires "full disclosure of all matter material and necessary in the prosecution or defense of an action." "'Material and necessary information is that which is required to be disclosed because it bears upon the controversy at issue and will assist the requesting party in preparing for trial'" (Greco v Wellington Leasing L.P., 144 AD3d 981, 982, quoting M.C. v Sylvia Marsh Equities, Inc., 103 AD3d 676, 678). "'In addition, the defense is entitled to review records showing the nature and severity of the plaintiff's prior medical conditions [which] may have an impact upon the amount of damages, if any recoverable, for a claim of loss of enjoyment of life'" (O'Brien v Village of Babylon, 153 AD3d 547, 548, quoting Montalto v Heckler, 113 AD3d 741 [internal quotation marks omitted]; see Orlando v Richmond Precast, Inc., 53 AD3d 534). "'Courts are to interpret discovery requests liberally in favor of disclosure'" (Greco v Wellington Leasing L.P., 144 AD3d at 982, quoting M.C. v Sylvia Marsh Equities, Inc., 103 AD3d at 678).
Here, the decedent placed his bilateral wrist injuries in controversy by asserting a claim for loss of enjoyment of life and alleging "activation of underlying degenerative joint disease" in the bill of particulars. Thus, the decedent waived the physician-patient privilege with respect to his medical history concerning that physical condition, which is material and necessary to the issue of damages (see Nesbitt v Advanced Serv. Solutions, 173 AD3d 1056, 1058; O'Brien v Village of Babylon, 153 AD3d at 548; Romance v Zavala, 98 AD3d 726, 727; see also McGlone v Port Auth. of N.Y. and N.J., 90 AD3d 479; cf. Froehlich v Kimco Realty Corp., 207 AD3d 448, 449). Accordingly, the Supreme Court should have granted that branch of the City's motion which was to compel the plaintiff to comply with its discovery demand for authorizations for the release of records pertaining to the decedent's bilateral wrist injuries.
The City's remaining contentions need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., MALTESE, GENOVESI and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court