E.D. v Intercontinental Hotels Group (2024 NY Slip Op 00266)

E.D. v Intercontinental Hotels Group

2024 NY Slip Op 00266

Decided on January 23, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 23, 2024

Before: Webber, J.P., Kern, González, Kennedy, Rosado, JJ. 

Index No. 159963/17 Appeal No. 1518 Case No. 2022-02144 

[*1]E.D., et al., Plaintiffs-Respondents,
v
Intercontinental Hotels Group, Doing Business as Hotel Indigo et al., Defendants, Kent Security of New York, Inc., Defendant-Appellant.

Smith Mazure, P.C., New York (Louise M. Cherkis of counsel), for appellant.
Law Office of Niall MacGiollabhui, New York (Niall MacGiollabhui of counsel), for E. D. and T. D., respondents.

Order, Supreme Court, New York County (Margaret Chan, J.), entered April 27, 2022, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion for a protective order limiting discovery of plaintiff Erin Doe's mental health records to the period of five years preceding the date of the alleged sexual assault and of her medical records to the three years preceding that date, and denied defendant Kent Security of New York, Inc.'s motion to compel discovery to the same extent, unanimously affirmed, without costs. Appeal from so much of the order that directed plaintiff's psychotherapy notes be submitted for in camera review before disclosure, dismissed, as nonappealable.
Although plaintiff placed her mental health at issue, the court providently exercised its discretion in placing reasonable temporal limitations on disclosure of her mental health and medical records (see Jones v FEGS-WeCARE/Human Resources, NYC, 139 AD3d 627, 628 [1st Dept 2016]; Farrell v E.W. Howell Co., LLC, 103 AD3d 772, 773 [2d Dept 2013]). The court was entitled to do so in order to prevent Kent from causing plaintiff unreasonable annoyance and embarrassment (see CPLR 3103[a]; Cynthia B. v New Rochelle Hosp. Med. Ctr., 60 NY2d 452, 457, 461 [1983]).
To the extent that Kent contests the portion of the order directing in camera review of plaintiff's psychotherapy notes, there is no appeal as of right from that portion of the order, as it does not affect a substantial right of the parties within the meaning of CPLR 5701(a)(2)(v) (see Damour v Montefiore Med. Ctr., 32 AD3d 772 [1st Dept 2006]; Marriott Intl. v Lonny's Hacking Corp., 262 AD2d 10, 11 [1st Dept 1999]). We decline to exercise our discretion to grant leave to appeal, particularly as in camera inspection of the record is "advisable in most instances" when discovery of psychiatric records is at issue (Cynthia B. v New Rochelle Hosp. Med. Ctr., 60 NY2d at 461). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 23, 2024