Meikle v Medcare, LLC (2025 NY Slip Op 05075)

Meikle v Medcare, LLC

2025 NY Slip Op 05075

Decided on September 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JAMES P. MCCORMACK, JJ.

2022-00272
 (Index No. 525220/19)

[*1]Okeen Meikle, appellant, 
v
Medcare, LLC, et al., defendants, Professional Gynocological Services, et al., respondents.

G. Wesley Simpson P.C., Brooklyn, NY, for appellant.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York, NY (David P. Johnson, Deirdre E. Tracey, and Jacob Bently of counsel), for respondent Lauren Wong.
Amabile & Erman, P.C., Staten Island, NY (Irene P. Ziegler of counsel), for respondents Professional Gynecological Services, sued herein as Professional Gynocological Services, Irina Vaizman, and Amir Marashi, sued herein as Amir Marshi.
Kutner Friedrich, LLP, New York, NY (Charles E. Kutner and John Krajewski of counsel), for defendant Medcare, LLC.
Furman Kornfeld & Brennan LLP, Garden City, NY (Andrew C. Tobman of counsel), for respondent Irina Vozny.
Keller, O'Reilly and Watson, P.C., Woodbury, NY (Angela A. Cutone of counsel), for respondent New York Presbyterian Hospital, sued herein as New York Presbyterian Weill Cornell Medical Center.

DECISION & ORDER
Vaslas Lepowsky & Hauss LLP, Staten Island, NY (Edward F. Humphries of counsel), for respondent Nicolle Overstreet. In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated December 10, 2021. The order, insofar as appealed from, granted those branches of the separate motions of the defendant Bella Gelfinbein, the defendants Professional Gynecological Services, sued herein as Professional Gynocological Services, Irina Vaizman, and Amir Marashi, sued herein as Amir Marshi, the defendant New York Presbyterian Hospital, sued herein as New York Presbyterian Weill Cornell Medical Center, the defendant Nicolle Overstreet, and the defendant Lauren Wong which were to compel the plaintiff to provide authorizations for the release of certain records and denied that branch of the plaintiff's cross-motion which was for a protective order with respect to those authorizations.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs [*2]to the respondents appearing separately and filing separate briefs, and the matter is remitted to the Supreme Court, Kings County, for the entry of an order in accordance with Public Health Law § 2785(3).
The plaintiff commenced the instant action alleging that the defendants negligently failed to diagnose and treat her for a multitude of pelvic conditions, which led to her being seriously injured. The defendant Bella Gelfinbein, the defendants Professional Gynecological Services, sued herein as Professional Gynocological Services, Irina Vaizman, and Amir Marashi, sued herein as Amir Marshi, the defendant New York Presbyterian Hospital, sued herein as New York Presbyterian Weill Cornell Medical Center, the defendant Nicolle Overstreet, and the defendant Lauren Wong (hereinafter collectively the moving defendants) separately moved, inter alia, to compel the plaintiff to provide authorizations for the release of records relating to alcohol and drug treatment, mental health information, and HIV-related information. The plaintiff cross-moved, among other things, for a protective order with respect to those authorizations. In an order dated December 10, 2021, the Supreme Court, inter alia, granted those branches of the moving defendants' separate motions and denied that branch of the plaintiff's cross-motion. The plaintiff appeals.
"'While physician-patient communications are privileged under CPLR 4504, a litigant will be deemed to have waived the privilege when, in bringing . . . a personal injury action, that person has affirmatively placed his or her mental or physical condition in issue'" (O'Brien v Village of Babylon, 153 AD3d 547, 548 [alteration and internal quotation marks omitted], quoting Gutierrez v Trillium USA, LLC, 111 AD3d 669, 672; see Peterson v Estate of Rozansky, 171 AD3d 805, 807). "To this end, a party must provide duly executed and acknowledged written authorizations for the release of pertinent medical records under the liberal discovery provisions of the CPLR when that party has waived the physician-patient privilege" (O'Brien v Village of Babylon, 153 AD3d at 548 [citation and internal quotation marks omitted]). Generally, parties must disclose "all matter material and necessary in the prosecution or defense of an action" (CPLR 3101). "Material and necessary information is that which is required to be disclosed because it bears upon the controversy at issue and will assist the requesting party in preparing for trial" (Frawley v City of New York, 221 AD3d 973, 974 [internal quotation marks omitted], quoting Greco v Wellington Leasing L.P., 144 AD3d 981, 982).
The Supreme Court has broad discretion to supervise discovery as well as to set the terms and conditions for disclosure and "its exercise should not be disturbed on appeal unless it was improvidently exercised" (Encalada v Riverside Retail, LLC, 175 AD3d 467, 469 [internal quotation marks omitted]; see Cabellero v City of New York, 48 AD3d 727, 728). Also, "[c]ourts are to interpret discovery requests liberally in favor of disclosure" (Greco v Wellington Leasing L.P., 144 AD3d at 982, quoting M.C. v Sylvia Marsh Equities, Inc., 103 AD3d 676, 678). A court may order the disclosure of confidential HIV-related information if it is established that there was a "compelling need" for such disclosure (Public Health law § 2785[2][a]). Compelling need is determined by weighing the need for disclosure against "'the privacy interest of the protected individual and the public interest which may be disserved by disclosure which deters future testing or treatment or which may lead to discrimination'" (Doe v Sutlinger Realty Corp., 96 AD3d 898, 899, quoting Public Health Law § 2785[5]). However, where the court issues an order directing the release of HIV-related information "the court shall enter an order directing that all pleadings, papers, affidavits, judgments, orders of the court, briefs and memoranda of law which are part of the application or the decision thereon, be sealed and not made available to any person, except to the extent necessary to conduct any proceedings in connection with the determination of whether to grant or deny the application, including any appeal. Such an order shall further direct that all subsequent proceedings in connection with the application shall be conducted in camera, and, where appropriate to prevent the unauthorized disclosure of confidential HIV related information, that any pleadings, papers, affidavits, judgments, orders of the court, briefs and memoranda of law which are part of the application or the decision thereon not state the name of the individual concerning whom confidential HIV related information is sought" (Public Health Law § 2785[3]).
Here, the plaintiff affirmatively placed her entire medical history in controversy by alleging that she became "lame and disabled" and suffered "great mental/psychological and physical [*3]harm," to the extent that she was "permanently injured" (see DiLorenzo v Toledano, 190 AD3d 941, 942; Diamond v Ross Orthopedic Group, P.C., 41 AD3d 768, 768-769). Thus, the plaintiff waived the physician-patient privilege with respect to her medical history (see Frawley v City of New York, 221 AD3d at 974-975; Peterson v Estate of Rozansky, 171 AD3d 805, 807). In relation to the disclosure of HIV-related information, the Supreme Court properly determined that the plaintiff affirmatively placed her HIV status in issue by commencing this action and alleging that she suffered permanent injuries and a total disability as a result of the defendants' care (see Public Health Law § 2785[5]; Doe v Sutlinger Realty Corp., 96 AD3d 898, 899; but see Nesbitt v Advanced Serv. Solutions, 173 AD3d 1056, 1057). However, the order appealed from should have contained the protections outlined in Public Health Law § 2785(3). Accordingly, we remit the matter to the Supreme Court, Kings County, for the entry of an appropriate order in accordance with Public Health Law § 2785(3).
The Supreme Court also providently exercised its discretion in compelling the plaintiff to provide authorizations for the release of records related to alcohol and drug treatment as well as mental health information since the plaintiff is seeking damages for "great mental/psychological harm" and mental, emotional, and psychological anguish (cf. Froehlich v Kimco Realty Corp., 207 AD3d 448, 449; Quinones v 9 E. 69th St., LLC, 132 AD3d 750, 751).
The plaintiff's contention that those branches of the moving defendants' separate motions which were to compel the plaintiff to provide the subject authorizations should have been denied for failure to comply with 22 NYCRR 202.7(a) is without merit. In this case, it was apparent that efforts to resolve the issue without the aid of the court would have been futile; therefore, the alleged failure of the moving defendants to comply with 22 NYCRR 202.7(a) could be excused (see Moran v Grand Slam Ventures, LLC, 221 AD3d 994, 996; DiPasquale v Lim, 218 AD3d 1182, 1184).
Accordingly, the Supreme Court providently exercised its discretion in granting those branches of the moving defendants' separate motions which were to compel the plaintiff to provide the subject authorizations and in denying that branch of the plaintiff's cross-motion which was for a protective order.
BARROS, J.P., BRATHWAITE NELSON, WARHIT and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court